456 P.2d 406

**W. W. PLANNING, INC., an Arizona corporation, Appellant,**

**v.**

**James A. CLARK, Appellee.**

**No. I CA–CIV 705.**

Court of Appeals of Arizona.

June 30, 1969.

Goldman & Ripps, by Charles H. Ripps and Harold Goldman, Phoenix, for appellant.

Kramer, Roche, Burch, Streich & Cracchiolo, by William P. French and Preston J. Steenhoek, Phoenix, for appellee.

STEVENS, Judge.

This is an appeal from a judgment declaring a mortgage lien on real property to be superior to a seller's equitable interest reserved in an agreement relating to the same property and foreclosing the mortgage lien.

The following persons and organizations were involved in the events which led up to the judgment of foreclosure and appeal therefrom: Winston F. Wright and his wife Lela R. Wright (Wrights); Kelly Development Company, Inc. (Kelly); Surety Mortgage, Inc. (Surety); LaPrade Phillips & Lyon, a co-partnership (LaPrade); Guaranty Bank; James Clark (Plaintiff); and W. W. Planning, Inc., (Defendant).

On 21 August, 1963 the Wrights conveyed the real property in question to Kelly by warranty deed. On the same date an agreement was executed by the Wrights and Kelly whereby Kelly agreed to purchase the property and construct apartments thereon. In the event Kelly failed to construct the apartments or commence construction thereof within 18 months from the date of the agreement, Kelly was to re-convey the property to the Wrights free of encumbrances. The agreement provided that Kelly could encumber the property being purchased. The signatures by the Wrights and Kelly were notarized but there was no acknowledgement. On 27 August, 1963, Kelly executed to Surety a note secured by the mortgage in question. On the following day, 28 August, 1963, Surety negotiated the note and assigned the mortgage to LaPrade. On 29 August, 1963, LaPrade entered into an agreement with Clark hereinafter referred to as the "Clark agreement", whereby Clark became obligated to purchase the note and mortgage at any time within one year in the event of default on the note and demand by LaPrade. It was further agreed that in the event Clark purchased the note upon demand from LaPrade, the latter would deliver to Clark all interest and rights which LaPrade had in the note and mortgage. On the same day, LaPrade negotiated the note and assigned the mortgage and the Clark agreement to the Guaranty Bank. The recording of all the foregoing documents occurred on 30 August, 1963 and in the following sequence according to the fee number affixed to each instrument by the Recorder.

1. 2:50 P.M.—Warranty deed from the Wrights to Kelly.

2. 2:50 P.M.—Realty mortgage from Kelly to Surety Mortgage, Inc.

3. 2:50 P.M.—Assignment of the mortgage by Surety to LaPrade.

4. 2:50 P.M.—Assignment of the mortgage by LaPrade to the Guaranty Bank.

5. 2:50 P.M.—Clark agreement.

6. 2:50 P.M.—Assignment of the Clark agreement by LaPrade to the Guaranty Bank.

7. 4:47 P.M.—Purchase agreement executed by the Wrights and Kelly.

All of the instruments numbered 1 through 6 were filed and recorded at the request of Phoenix Title & Trust. The Wright-Kelly purchase agreement was filed and recorded at the request of Winston Wright.

On 10 September, 1963, the Wrights executed, acknowledged and "recorded" a document bearing the title "Clarification Statement". The document was unilaterally executed by the Wrights and recited that the original purchase agreement executed by the Wrights and Kelly was only intended to permit Kelly to encumber the subject property for the purpose of obtaining interim financing for apartment construction or for the purpose of obtaining permanent financing for the apartments, and that "any other property loan, or mortgage, or front money would be strictly at lender's own risk to avoid any complications, or misunderstandings, or foreclosure concerning the property and 'purchase agreement' ".

On 1 March, 1964, Wright sent a letter to Clark which disclosed Wright's knowledge of the note and mortgage executed by Kelly and of the Clark agreement. The letter advised Clark of the original purchase agreement between the Wrights and Kelly. On 27 August, 1964, the Guaranty Bank informed Clark that the note and mortgage were in default and demanded payment from Clark in accordance with the Clark agreement. Clark paid the amount in default to the Guaranty Bank which in turn assigned the note and mortgage to Clark on 21 September, 1964. The assignment of the mortgage to Clark was recorded on 30 October, 1964.

On 23 September, 1964, Kelly quitclaimed the property back to the Wrights as compliance with the terms of the original purchase agreement. The deed from Kelly to Wright was recorded on 24 Sep-

tember, 1964. On 25 September, 1964 the Wrights quitclaimed the property to W. W. Planning, Inc., which deed was recorded on the same day. Clark thereafter instituted the present action against Kelly and W. W. Planning for foreclosure of the mortgage. Kelly failed to appear and its default was duly entered. Clark's claim for relief against W. W. Planning was presented to the Court on stipulated facts and oral argument. On 7 September, 1967, judgment was entered in favor of Clark and against W. W. Planning declaring the mortgagee's interest acquired by Clark to be a first lien on the subject property, superior to the interest acquired by W. W. Planning, and decreeing that the mortgage be foreclosed.

The limited question presented to the trial court, and to this Court on appeal, is whether the interest acquired by W. W. Planning by the 25 September, 1964 conveyance from Wright is superior to the interest acquired by Clark as the successor assignee of the mortgage executed by Kelly to Surety.

In resolving this question, we first consider the relative priority of the Wright-Kelly purchase agreement and the mortgage executed by Kelly to Surety, as of 30 August, 1963, the date both instruments were recorded.

A.R.S. § 33–411 provides in part:

"A. No instrument affecting real property is valid against subsequent purchasers for valuable consideration without notice, unless recorded as provided by law in the office of the county recorder of the county in which the property is located."

"B. An instrument shall not be deemed lawfully recorded unless it has been previously acknowledged in the manner prescribed in this chapter except mortgages as provided in § 33–415."

A.R.S. § 33–412 is somewhat similar, providing in part:

"A. All bargains, sales, and other conveyances whatever of lands, * * *

and mortgages of whatever kind, shall be void as to * * * subsequent purchasers for valuable consideration without notice, unless they are acknowledged and recorded in the office of the county recorder as required by law, * * *."

■ Surety was a "subsequent purchaser" within the meaning of A.R.S. § 33–411 when it acquired the mortgage from Kelly. Newman v. Fidelity Savings and Loan Ass'n, 14 Ariz. 354, 128 P. 53 (1912). The mortgage was executed to Surety for a valuable consideration. There is no evidence that Surety had actual notice of the interest reserved by Wright in the Wright-Kelly purchase agreement. Nor did Surety have constructive notice as contemplated by A.R.S. § 33–411. Before an instrument will be deemed to be lawfully recorded and to impart constructive notice it must have been acknowledged. A.R.S. § 33–411, subsec. B; Henderson v. Las Cruces Production Credit Ass'n, 6 Ariz.App. 549, 435 P.2d 56 (1968). Although the Wright-Kelly purchase agreement was notarized the instrument does not contain a certificate of acknowledgment as provided by A.R.S. § 33–507 and A.R.S. § 33–508. This fact is not significant in the decision of this appeal.

The mortgage executed by Kelly to Surety, the subsequent assignments of that mortgage to LaPrade and from LaPrade to the Guaranty Bank, as well as the Clark agreement were recorded approximately two hours prior to the Wright-Kelly purchase agreement according to the Recorder's notations appearing on the instruments. Instruments filed with the Recorder are recorded when received, A.R.S. § 11–461, and are deemed recorded when deposited for recording. A.R.S. § 11–469. The deposit of an instrument for recording is evidenced by the Recorder's certified notation of the hour, day, month and year of recording, and the book and page where it is recorded. A.R.S. § 11–469.

■ We are of the opinion that since Surety acquired the mortgage from Kelly without notice, either actual or construc-

tive, of the interest reserved by Wright, the interest acquired by Surety was clearly superior to Wright's interest.

We next consider the relative priority of the interest acquired by defendant as successor to Wright and the interest acquired by plaintiff as successor assignee of the mortgage executed to Surety. It is urged by W. W. Planning that since Clark was placed on notice, both actual and constructive, of Wright's interest of reconveyance in the property and the actual conveyance of the property to Wright prior to the assignment of the mortgage to plaintiff, the mortgagee's interest acquired by plaintiff was subordinate to defendant's interest in the property. We cannot agree.

As successor assignee of the mortgage executed by Kelly to Surety, Clark acquired all the interest and rights in the mortgage enjoyed by Surety. Wylie v. Douglas Lumber Co., 39 Ariz. 511, 8 P. 2d 256, 83 A.L.R. 918 (1932); Southern Life Insurance Co. v. Pollard Appliance Co., 247 Miss. 211, 150 So.2d 416 (1963). The fact that Clark was later advised of Wright's interest of re-conveyance which advice was given prior to the assignment of the mortgage to Clark by the Guaranty Bank did not defeat the priority of the mortgage when assigned to Clark. The law is settled in this respect that a bona fide purchaser can transmit good title to a person who has notice of a prior adverse equity or right. Southern Life Insurance Co.; Morehead v. Harris, 262 N.C. 330, 137 S.E.2d 174 (1964); Rose v. Knapp, 153 Cal.App.2d 379, 314 P.2d 812 (1957).

We hold that the mortgage executed by Kelly to Surety was prior in right to the equitable interest reserved by Wright, and that Clark as assignee of the mortgage, acquired Surety's prior interest in the subject property.

Judgment affirmed.

DONOFRIO, C. J. and CAMERON, J., concur.