IN THE

# ARIZONA COURT OF APPEALS
## DIVISION TWO

———————————

MICHELE MANICOM AND DONALD CONRAD MANICOM,
WIFE AND HUSBAND,
*Plaintiffs/Appellees*,

*v.*

CITIMORTGAGE, INC., SUCCESSOR IN INTEREST BY MERGER TO
ABN AMRO MORTGAGE GROUP, INC.;
*Defendant/Appellant*.

No. 2 CA-CV 2014-0049
Filed October 28, 2014

———————————

Appeal from the Superior Court in Pinal County
No. S1100CV201300198
The Honorable Joseph R. Georgini, Judge

**REVERSED AND REMANDED**

———————————

COUNSEL

Burch & Cracchiolo, P.A., Phoenix
By James M. Stipe and Andrew Abraham
*Counsel for Plaintiffs/Appellees*

Gust Rosenfeld P.L.C., Phoenix
By Scott A. Malm
*Counsel for Defendant/Appellant*

---

**OPINION**

---

Chief Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Miller and Judge Espinosa concurred.

---

E C K E R S T R O M, Chief Judge:

**¶1**　　　This appeal concerns a deed of trust in favor of the defendant/appellant CitiMortgage, Inc. (Citi).　The trial court determined that an error in the legal description of the real property in the deed made the plaintiffs/appellees Michele and Donald Manicom bona fide purchasers without notice of Citi's lien.　The court therefore granted summary judgment for the Manicoms on this and other grounds, declaring the deed of trust invalid and clearing their title to the property pursuant to A.R.S. § 33-420(B).　We reverse and remand for the reasons that follow.

**Factual and Procedural Background**

**¶2**　　　We view the record in the light most favorable to Citi, the party against whom summary judgment was entered.　*See Hill-Shafer P'ship v. Chilson Family Trust*, 165 Ariz. 469, 472, 799 P.2d 810, 813 (1990).　The subject property previously was owned by Ronnie and Wanda Owens before they sold it to Robert Whyte, who in turn sold it to the Manicoms.　When the Owens purchased the property, in 2005, they received a $252,000 loan that was secured by a recorded deed of trust.　That deed described the property as follows:

> LOT 027, PHASE II PARCEL 26A AT RANCHO EL DORADO, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA, RECORDED IN CABINET D, *SLIDE 168* . . . which currently has the address of 21943 NORTH BACKUS DRIVE, MARICOPA, Arizona 85239

(emphasis added). The correct legal description of the property is slide "166," not slide "168."

¶3 In 2006, the Owens obtained a second loan and recorded a second deed of trust that correctly described the subject property. When Whyte purchased the property, in March 2012, he discovered and satisfied the second loan. A deed of release and reconveyance was subsequently recorded for the second deed of trust.

¶4 In May 2012, the Manicoms purchased the property from Whyte without actual notice of the first deed of trust. When Citi later provided the Manicoms with a notice of trustee sale pursuant to the first deed of trust, they commenced the present action. The parties then filed cross-motions for summary judgment.

¶5 The trial court denied Citi's motion but granted the Manicoms' requests for declaratory relief finding that they were bona fide purchasers for value (count one of the complaint) and clearing title to the property in their favor (count four). The court also granted "special action relief" pursuant to § 33-420(B) on count five of the complaint, ordering the county recorder to record a document clearing the Manicoms' title. The court dismissed the Manicoms' remaining claims as alternative theories for relief, and it entered a final judgment pursuant to Rule 54(c), Ariz. R. Civ. P. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## Summary Judgment

¶6 A trial court is required to grant summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *see Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). "We independently determine whether questions of material fact exist and whether the superior court properly applied the law." *DeSilva v. Baker*, 208 Ariz. 597, ¶ 10, 96 P.3d 1084, 1087 (App. 2004).

**Deed of Trust:  Validity, Notice, BFP**

**¶7**        As noted, the trial court found the first deed of trust invalid because it erroneously described the property and therefore failed to provide notice to the Manicoms, making them bona fide purchasers without notice who took the property free of the lien pursuant to A.R.S. §§ 33-411(A) and 33-412(A).[1]  We disagree with these legal conclusions.

**¶8**        Arizona's Deeds of Trust Act, A.R.S. §§ 33-801 through 33-821, "is a comprehensive set of statutes governing the execution and operation of deeds of trust."  *In re Bisbee*, 157 Ariz. 31, 33, 754 P.2d 1135, 1137 (1988).  A deed of trust recorded under the act provides constructive notice of the deed's contents to "all persons," including subsequent purchasers.  § 33-818; *Main I Ltd. P'ship v. Venture Cap. Constr. & Dev. Corp.*, 154 Ariz. 256, 259, 741 P.2d 1234, 1237 (App. 1987).  Constructive notice contrasts with actual notice, *Onekama Realty Co. v. Carothers*, 59 Ariz. 416, 424, 129 P.2d 918, 921-22 (1942), and is defined as knowledge of a fact or circumstance that is imputed by operation of law.  *Main I*, 154 Ariz. at 259, 741 P.2d at 1237; *Black's Law Dictionary* 1227 (10th ed. 2014).

**¶9**        As the trial court correctly observed below, a deed of trust is a creature of statute, *Binder v. Fruth*, 150 Ariz. 21, 22, 721 P.2d 679, 680 (App. 1986), and must contain "the legal description of trust property."  § 33-802(A).  But our supreme court has rejected "a theory of strict statutory construction" that would hold any defect in such an instrument as fatal to providing constructive notice to third parties.  *Bisbee*, 157 Ariz. at 32-33, 754 P.2d at 1136-37; *accord Watson Constr. Co. v. Amfac Mortg. Corp.*, 124 Ariz. 570, 575, 606 P.2d 421, 426 (App. 1979) (finding deed of trust provided constructive notice despite omission of two pages containing foreclosure clauses).

---

[1]Although the court also determined that other instruments attempting to modify or "re-record[]" the original deed of trust were invalid, these determinations have not been challenged on appeal, and we therefore do not disturb them.

¶10        Instead, the court in *Bisbee* reiterated the rule that "an instrument is constructive notice of the rights claimed thereunder if it is of a character which the recording statutes permit to be recorded and if it sufficiently apprises third parties of the rights claimed by it."  157 Ariz. at 35, 754 P.2d at 1139; *see Carley v. Lee*, 58 Ariz. 268, 272, 119 P.2d 236, 238 (1941); *cf.* § 33-808(E) (stating erroneous legal description of trust property does not invalidate trustee sale "if considered as a whole the information provided is sufficient to identify the trust property").  Arizona is thus in accord with the general rule that when "a part of the land description is incorrect or omitted, such as a boundary or block number, but the balance appears to relate to the property involved, a title examiner is placed on inquiry and the record constitutes constructive notice."  Joyce Palomar, *Patton and Palomar on Land Titles*, § 81 (3d ed. 2003); *see, e.g.*, *Wheeler Perry Co. v. Mortg. Bond Co.*, 41 Ariz. 247, 250-51, 17 P.2d 331, 332 (1932) (upholding homestead exemption despite omission of block number in description of land).  "'Notice of facts and circumstances which would put a [person] of ordinary prudence and intelligence on inquiry is . . . equivalent to knowledge of all of the facts a reasonably diligent inquiry would disclose.'"  *Hall v. World Sav. & Loan Ass'n*, 189 Ariz. 495, 500-01, 943 P.2d 855, 860-61 (App. 1997), *quoting Maricopa Utils. Co. v. Cline*, 60 Ariz. 209, 214, 134 P.2d 156, 158 (1943) (omission in *Hall*).

¶11        In this case, the deed of trust contained an incorrect legal description insofar as it referred to slide "168" rather than slide "166."  Otherwise, however, the legal description of the trust property was accurate.  The deed also correctly identified the subject property by its street address, and it correctly listed the trustors' names.

¶12        The Deeds of Trust Act clearly contemplates that legal descriptions sometimes will be incorrect and that information such as street addresses may then assist in identifying the property at issue, even though such addresses ordinarily are not an acceptable substitute.  *See* § 33-808(C)(2) (requiring notice of sale to contain "the street address . . . as well as the legal description of the trust property"), (E) ("Any error in the legal description of the trust property shall not invalidate a trustee's sale if considered as a whole

the information provided is sufficient to identify the trust property being sold."). Section 33-815 also specifically requires a county recorder to index the trustor of a deed of trust in the same manner as a mortgagor, thereby providing a means other than a legal description for discovering a lien on real property. *See* A.R.S. §§ 11-462, 11-463 (requiring recorder to maintain alphabetical indices by grantor and grantee).

¶13     Here, the correct address was sufficient to identify the trust property in question. And, as in *Bisbee*, 157 Ariz. at 35, 754 P.2d at 1139, the erroneous legal description did not affect the indexing of the deed of trust by the trustor. Such proper indexing gives "constructive notice to the world" of the substance of a recorded deed. *Watson*, 124 Ariz. at 576, 606 P.2d at 427.

¶14     Thus, when we consider the present circumstances together with these features of the overall act, *see Bisbee*, 157 Ariz. at 33, 754 P.2d at 1137, we cannot agree that the deed of trust in this case was invalid or failed to provide constructive notice. Given the totality of the information in the deed, it adequately identified the subject property and alerted a reasonably prudent person to the erroneous legal description. *Cf. Hamilton v. Wash. Mut. Bank FA* (*In re Colon*), 563 F.3d 1171, 1173 (10th Cir. 2009) (concluding incorrect lot number in description of otherwise accurate mortgage did not invalidate instrument); *Valley Nat'l Bank of Ariz. v. Educ. Credit Bureau, Inc.*, 23 Ariz. App. 148, 151-52, 531 P.2d 193, 196-97 (1975) (finding writ gave constructive notice of property subject to lien, notwithstanding incorrect lot number in otherwise accurate description). Despite the single-digit error in the legal description, the deed of trust "sufficiently apprise[d] third parties of the rights claimed by it." *Bisbee*, 157 Ariz. at 35, 754 P.2d at 1139. Accordingly, the recorded deed provided constructive notice of the lien and thereby denied the Manicoms the status of bona fide purchasers without notice pursuant to § 33-412(A). *See* § 33-818.

¶15     In reaching the opposite conclusion, the trial court determined the Manicoms had no constructive notice of the deed of trust because they had no duty to search the grantor index for any lien created by an owner before their immediate predecessor. The court further concluded that even had they engaged in such an

undertaking, a reasonably diligent search "would not put a person on notice of anything" due to the defective legal description in the deed. The Manicoms urge these same conclusions on appeal, asserting more broadly that they had no duty to search the grantor index. We reject this argument and disagree with the court's legal determinations.

¶16 The specific requirement in § 33-815 that deeds of trust be indexed by trustor, or grantor, is not a gratuitous provision with no legal effect. *See* § 33-801(11) (defining trustor as one who conveys property by trust deed). We do not interpret statutes to be meaningless or trivial. *See St. Paul Fire & Marine Ins. Co. v. Gilmore*, 168 Ariz. 159, 165, 812 P.2d 977, 983 (1991). The plain purpose of this indexing provision is to provide notice to third parties and potential purchasers of the "content" of a recorded deed under § 33-818. "A recorded deed provides constructive notice 'to those who are bound to search for it,'" *State ex rel. Darwin v. Arnett*, 235 Ariz. 239, ¶ 25, 330 P.3d 996, 1000 (App. 2014), *quoting Lowe v. Pima County*, 217 Ariz. 642, ¶ 21, 177 P.3d 1214, 1219 (App. 2008), and "[a] purchaser is charged with such knowledge as a proper examination of the record would reveal even though he does not in fact examine the record." *Davis v. State*, 1 Ariz. App. 264, 268, 401 P.2d 749, 753 (1965).

¶17 Although an alphabetical list of grantors or mortgagors is admittedly "not as efficient or accurate as a tract index," it nevertheless allows a chain of title to be traced from a known owner, with "mortgages and other encumbrances" then ascertained through an examination of "the grantor indices . . . for the period that said party owned the premises." Palomar, *supra*, § 67. Sections 33-815 and 33-818 of the Deeds of Trust Act thus work together to give constructive notice to "all persons" by creating a duty to search grantor and grantee indices for potential liens, at least for the relevant six-year limitation period provided for sales and foreclosures under deeds of trust.[2] *See* § 33-816 (limiting action or

---

[2] Although the Manicoms submitted an affidavit of a purported expert from a title and trust company offering opinions about their duty, this evidence is legally irrelevant, as common industry practices neither determine the duty imposed by law nor

sale of trust property); *Stewart v. Underwood*, 146 Ariz. 145, 150, 704 P.2d 275, 280 (App. 1985) (noting specific limitation period); *see also Colon*, 563 F.3d at 1180-81 (recognizing duty to search grantor index); *Adaven Mgmt., Inc. v. Mountain Falls Acquisition Corp.*, 191 P.3d 1189, 1195 (Nev. 2008) (same).

¶18 Here, the alphabetical grantor index maintained by the county recorder contained an entry for the trustor, Ronnie R. Owens, and a reference to the 2005 deed of trust, which was identified by its specific "fee number." The deed of trust available through that index, in turn, identified the lien on the Manicoms' property through its street address and a mostly accurate legal description, as noted above. Under § 33-818, a person has constructive notice of the contents of every instrument in a chain of title. *Cf. Colon*, 563 F.3d at 1180-81 (discussing similar Kansas statute). And constructive notice exists despite the fact that an instrument may be difficult or cumbersome to locate. *See Stephen v. Patterson*, 21 Ariz. 308, 312-13, 188 P. 131, 133 (1920) (holding instrument creating equitable mortgage gave notice of lien on mines to subsequent purchasers despite being recorded in "Miscellaneous" book rather than book for mortgages).

¶19 In its written ruling, the trial court did not address *Bisbee* or utilize its "sufficiently apprises" standard. 157 Ariz. at 35, 754 P.2d at 1139.[3] Rather, the court relied on a pair of cases from this

_____

affect the operation of constructive notice. *See Colon*, 563 F.3d at 1180-81 & 1181 n.3*; see also* Palomar, *supra*, § 53 (noting abbreviated searches beginning with the last insured conveyance are not necessarily reasonable, even if commonplace). To the extent the Manicoms did not search the grantor-grantee indices at all, did not extend such a search beyond the seller in their transaction, or relied solely on the recorder's indices rather than examining the contents of the recorded items in the chain of title, this would constitute negligence as a matter of law. *See Colon*, 563 F.3d at 1180.

[3]Although the parties did not cite *Bisbee* below, they did cite *Carley*, 58 Ariz. at 272, 119 P.2d at 238, which promulgated the "sufficiently apprises" standard and served as the basis of the *Bisbee* decision.

court—*3502 Lending, LLC v. CTC Real Estate Serv.*, 224 Ariz. 274, 229 P.3d 1016 (App. 2010), and *Phipps v. CW Leasing, Inc.*, 186 Ariz. 397, 923 P.2d 863 (App. 1996)—to conclude the deed of trust was invalid and "must be" treated as unrecorded.

**¶20**         While those decisions do not cite *Bisbee*, they neither conflict with our supreme court's precedent nor alter our conclusion here. *See Myers v. Reeb*, 190 Ariz. 341, 342, 947 P.2d 915, 916 (App. 1997) (recognizing court of appeals cannot ignore, overrule, or modify supreme court's decisions). In fact, we recognized in *3502 Lending* the principle that a defective deed of trust nonetheless provides constructive notice if it sufficiently apprises third parties of the nature and substance of the rights claimed therein. 224 Ariz. 274, ¶ 17, 229 P.3d at 1019. Our further observation that a "defective instrument *may* be treated as one that was unrecorded," *id.* n.1 (emphasis added), is inapposite to situations such as the one here, where a deed of trust is in fact recorded and is legally sufficient despite its defect.

**¶21**         *Phipps*, which concerned a right of first refusal, is similarly distinguishable. 186 Ariz. at 399, 923 P.2d at 865. In that case, we observed that such an instrument is required by § 33-411 to be acknowledged in order to be "'deemed lawfully recorded.'" *Id.* at 401, 923 P.2d at 867, *quoting* § 33-411(B). We further noted that the same statute contains a provision that expressly cures "any defect, omission or informality in the certificate of acknowledgment" under certain circumstances. *Id.*, *quoting* § 33-411(C). Because the right of refusal in that case both lacked the necessary acknowledgement and did not fall within the exceptions provided by statute, we concluded it failed to give constructive notice. *Id.* at 401-02, 923 P.2d at 867-68; *see also W.W. Planning, Inc. v. Clark*, 10 Ariz. App. 86, 88, 456 P.2d 406, 408 (1969) ("Before an instrument will be deemed to be lawfully recorded and to impart constructive notice it must have been acknowledged."). Here, we are not concerned with the distinct statutory requirement of acknowledgement or with an instrument that cannot be deemed lawfully recorded because it falls outside an express savings clause. Under the Deeds of Trust Act, constructive notice is specifically conditioned upon an instrument being

"acknowledged as provided by law." § 33-818. Yet no equivalent condition exists for legal descriptions.

¶22 The Manicoms nevertheless suggest that a correct legal description should be an essential element of a deed of trust, because § 33-802(A) specifically provides "the legal description" as the means of identifying trust property. They further assert that a contrary interpretation would render this statutory requirement "pointless." We agree that a legal description is essential, but we reject their all-or-nothing argument for at least two reasons. First, there is a meaningful distinction between partial errors, such as the incorrect legal description here, and wholesale omissions. *See, e.g.*, *Phipps*, 186 Ariz. at 402 n.1, 923 P.2d at 868 n.1 (distinguishing mistakes in acknowledgment from failure to obtain any acknowledgment). Second, we must remain cognizant of the fact that our supreme court in *Bisbee* upheld a deed of trust that had omitted a trustee. 157 Ariz. at 34, 754 P.2d at 1138. A designated trustee is a definitional element of a deed of trust, § 33-801(8), and is therefore equally essential, as a matter of a statutory prescription, as a legal description of trust property.

¶23 *Bisbee* instructs us, moreover, that we do not strictly enforce every element of a deed of trust; rather, we examine the Deeds of Trust Act "as a whole" to determine whether the legislature intended for a defect to be fatal. 157 Ariz. at 33, 754 P.2d at 1137; *see Phipps*, 186 Ariz. at 401, 923 P.2d at 867 ("Statutes must be given a sensible construction which accomplishes the legislative intent behind them and which avoids absurd results."). As indicated above, we can find no language in the Deed of Trusts Act suggesting the legislature intended a relatively minor error in a legal description to destroy the constructive notice imparted to "all persons" of the "content" of a recorded deed of trust. § 33-818. Although a legal description is certainly necessary and is the preferred method of identifying trust property, the statutory scheme indicates that what is essential is that the property be "identified with a sufficient certainty in the public record." *Valley Nat'l Bank*, 23 Ariz. App. at 150, 531 P.2d at 195. The "sufficiently apprises" standard in *Bisbee*, 157 Ariz. at 35, 754 P.2d at 1139, furthers rather than undermines the legislative intent manifested in the act and

avoids the absurd and unintended consequences that would generally flow from a strict-construction standard.

**¶24** Finally, although the trial court correctly observed that constructive notice is a policy-based imputation of knowledge, *see Main I*, 154 Ariz. at 259, 741 P.2d at 1237, the constructive notice given by a recorded deed is given to "all persons." § 33-818. Constructive notice from recorded instruments is thus a matter of general public policy and cannot be averted based on "policy" considerations unique to the particular parties in the action.

**Alternative Grounds**

**¶25** The trial court also granted summary judgment to the Manicoms on a variety of alternative grounds, namely laches, waiver, equitable estoppel, and the equitable theory that, as between two innocent parties who have suffered a loss from the wrongdoing of a third, the one who made the loss possible should bear it. *See Newman v. Fid. Sav. & Loan Ass'n*, 14 Ariz. 354, 360, 128 P. 53, 55 (1912). Again, we review de novo the trial court's granting of summary judgment. *See DeSilva*, 208 Ariz. 597, ¶ 10, 96 P.3d at 1087. "Similarly, the determination of whether equitable relief is available and appropriate is subject to our de novo review." *Andrews v. Blake*, 205 Ariz. 236, ¶ 12, 69 P.3d 7, 11 (2003).

**¶26** Preliminarily, we agree with Citi that the trial court "erroneously relied on equity to circumvent constructive notice" insofar as the court found the Manicoms were "unsuspecting purchasers" who could not have discovered the deed of trust and were not responsible for knowing its contents. The court was not authorized to grant the Manicoms the relief they would be entitled to as bona fide purchasers without notice, pursuant to § 33-412(A), when they were, in fact, charged with constructive notice of the recorded deed of trust by § 33-818. "When rights are clearly established and defined by a statute, equity has no power to change or upset such rights." *Valley Drive-in Theatre Corp. v. Superior Court*, 79 Ariz. 396, 399, 291 P.2d 213, 214 (1955); *accord McDermott v. McDermott*, 129 Ariz. 76, 77, 628 P.2d 959, 960 (App. 1981) (noting "equity follows the law"). The Manicoms therefore cannot be

deemed innocent parties who suffered harm as a result of a third party's wrongdoing.

¶27 The theory of equitable estoppel is similarly unavailing. To be entitled to summary judgment on the question of estoppel, the Manicoms "had to show the absence of any factual conflict and the right to judgment as a matter of law." *Villas at Hidden Lakes Condos. Ass'n v. Geupel Constr. Co.*, 174 Ariz. 72, 78, 847 P.2d 117, 123 (App. 1992). "The three elements of equitable estoppel are . . . (1) the party to be estopped commits acts inconsistent with a position it later adopts; (2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct." *Valencia Energy Co. v. Ariz. Dep't of Rev.*, 191 Ariz. 565, ¶ 35, 959 P.2d 1256, 1267-68 (1998). The party seeking estoppel must establish both its actual reliance on the other party's act and "that such reliance was reasonable under the circumstances." *Id.* ¶ 37.

¶28 The record does not show any inconsistent acts on Citi's part that are "absolute and unequivocal" in establishing equitable estoppel. *Knight v. Rice*, 83 Ariz. 379, 381, 321 P.2d 1037, 1038 (1958). Nor does the record establish any actual reliance by the Manicoms. As Citi points out, the record reveals that it received a payoff request for the second mortgage on the subject property and that Citi subsequently transmitted a payoff statement for a "Second Mortgage" in March 2012 to the Manicoms' immediate predecessor during his transaction with the Owens. *See* A.R.S. § 33-715(C). These actions concerning the second mortgage were not necessarily inconsistent with Citi later asserting its rights under the first. In addition, there is no indication that the Manicoms relied on any communications made during the sale between the Owens and Whyte.

¶29 Moreover, equitable estoppel is unavailable here given that it was unreasonable, as a matter of law, for the Manicoms to rely on Citi's earlier actions as disclaiming all its interests in the subject property. Reliance is not reasonable or justified when a person is on notice to make further inquiries. *See Valencia*, 191 Ariz. 565, ¶ 37, 959 P.2d at 1268. As we explained above, the information available in the public record gave the Manicoms constructive notice

of the first deed of trust. Hence, they cannot invoke equitable estoppel here.

¶30 To support its conclusions regarding both estoppel and waiver, the trial court found that Citi had made a "decision that it was not going to pursue whatever lien rights it had" when it issued the payoff statement for the "Second Mortgage" during the sale from the Owens to Whyte. "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55, 607 P.2d 372, 374 (1980). However, under the proper standard of review, "the facts and all reasonable inferences therefrom" must be viewed "in a light most favorable to the party opposing the motion for summary judgment." *Amfac Distrib. Corp. v. J.B. Contractors, Inc.*, 146 Ariz. 19, 23, 703 P.2d 566, 570 (App. 1985). By this standard, the record does not demonstrate that Citi intended to relinquish or forego its entitlement to pursue the lien securing the first mortgage loan. Instead, the record suggests that Citi was responding to a specific request for the second mortgage, as its payoff statement indicated. The deed of release and reconveyance that subsequently was recorded likewise referred to the second deed of trust related to the second mortgage, not the first.

¶31 A trier of fact nonetheless could conclude, as the Manicoms insist, that Citi's acceptance of money from Whyte designated as payment for the "first mortgage" indicated that all debts on the property were deemed satisfied and that Citi intended at that time to waive its interests from the first deed of trust, which Citi might have viewed as invalid. But the question of waiver involves disputed matters of fact and inference that preclude the entry of summary judgment. *See Santiago v. Phx. Newspapers, Inc.*, 164 Ariz. 505, 508, 794 P.2d 138, 141 (1990) ("The court may grant summary judgment only if no dispute exists as to any material facts, if only one inference can be drawn from those facts, and if the moving party is entitled to judgment as a matter of law.").

¶32 Laches also is unavailable to the Manicoms. "Laches is the 'equitable counterpart to the statute of limitations, designed to discourage dilatory conduct. Laches will generally bar a claim when

the delay is unreasonable and results in prejudice to the opposing party' even where the applicable statute of limitations has not yet expired." *In re Indenture of Trust Dated January 13, 1964*, 235 Ariz. 40, ¶ 22, 326 P.3d 307, 315 (App. 2014), *quoting Sotomayor v. Burns*, 199 Ariz. 81, ¶ 6, 13 P.3d 1198, 1200 (2000) (citation omitted). The trial court found that Citi had "no excuse" for waiting to assert its lien rights until the Manicoms had purchased the property and that relief was appropriate to prevent prejudice to them and avoid an "unjust result."

**¶33** We note that the Manicoms have not provided any Arizona authority to directly support the proposition that laches may be used to prevent a sale under a valid deed of trust. In fact, there is some authority for the view that laches cannot be employed simply to avoid the constructive notice provided by a recorded instrument. *See Warren v. Whitehall Income Fund 86*, 170 Ariz. 241, 245, 823 P.2d 689, 693 (App. 1991) (rejecting laches argument that would defeat purpose of lis pendens to provide constructive notice to potential buyers).

**¶34** Ultimately, however, we are bound by our supreme court's decision in *Provident Mutual Building-Loan Ass'n v. Schwertner*, 15 Ariz. 517, 140 P. 495 (1914). In that case, the court held that when a property owner brings suit to remove a cloud on his title caused by an unsatisfied mortgage from his predecessor, he first must pay off the predecessor's debt. *Id.* at 517, 519, 140 P. at 495, 496. The court reasoned that "equity will not grant relief, except upon condition that the debtor pay or tender payment of the debt secured." *Id.* at 519, 140 P. at 496. Thus, since our early statehood, we have followed the rule that "the statutory action to quiet title cannot be sustained as against a mortgage debt confessedly unpaid." *Id.*; *accord Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941); *Sec. Trust & Sav. Bank v. McClure*, 29 Ariz. 325, 333, 241 P. 515, 517 (1925). While we may be inclined to qualify this statement, making an equitable exception for situations in which the successor to a mortgagor has paid money for the property that could have satisfied the undiscovered debt, it is the role of our supreme court, not this court, to limit or modify the principle announced in *Schwertner* to accommodate such circumstances. *See State v. Bejarano*, 219 Ariz.

518, ¶ 6, 200 P.3d 1015, 1017 (App. 2008) ("[W]e may not disregard or modify the law as articulated by the Arizona Supreme Court.").

**Conclusion**

**¶35** In sum, we conclude the trial court erred as a matter of law in determining the first deed of trust was invalid, deeming it unrecorded, and designating the Manicoms as bona fide purchasers for value without notice. The first deed of trust is valid and provided constructive notice of the lien to the Manicoms. The court also erred in granting summary judgment to the Manicoms on the basis of laches, equitable estoppel, and the equitable theory that they were innocent parties harmed by a third party's wrongdoing. The question of whether Citi waived its interests in the first deed of trust involves a disputed matter of fact and inference that remains to be resolved by the trier of fact.

**¶36** The trial court erred in granting summary judgment to the Manicoms on counts one, four, and five of their complaint with respect to the first deed of trust. Although the disputed factual question of waiver precludes the entry of summary judgment on counts four and five, the court is directed to enter summary judgment in favor of Citi on count one of the Manicoms' complaint with respect to the first deed of trust. *See Hilb*, *Rogal & Hamilton Co. of Ariz. v. McKinney*, 190 Ariz. 213, 215-16, 946 P.2d 464, 466-67 (App. 1997) (recognizing ability of court of appeals to direct entry of summary judgment when facts uncontroverted).

**¶37** We do not address the other claims raised in the Manicoms' complaint, which the trial court dismissed as moot without discussion. Because the denial of a motion for summary judgment is not itself an appealable order, *see In re 1996 Nissan Sentra*, 201 Ariz. 114, ¶ 16, 32 P.3d 39, 44 (App. 2001); *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, ¶ 7, 965 P.2d 47, 50 (App. 1998), and because the trial court did not address these claims below, *see Stewart v. Mut. of Omaha Ins. Co.*, 169 Ariz. 99, 108, 817 P.2d 44, 53 (App. 1991), we decline to address them in the first instance on appeal. We further note that the record lacks a clear ruling on the Manicoms' motion for leave to amend the complaint by adding another claim for relief.

**Attorney Fees**

¶38 Citi requests an award of its appellate attorney fees pursuant to A.R.S. § 12-341.01(A). *See Phillips v. Superior Court*, 143 Ariz. 189, 195, 692 P.2d 1038, 1044 (App. 1984) (granting award in action involving deed of trust). An award of attorney fees is permissive under this provision, not mandatory, *Charbonneau v. Blue Cross of Wash. & Alaska*, 130 Ariz. 160, 164, 634 P.2d 972, 976 (App. 1981), and we deny Citi's request in the exercise of our discretion. *See Deutsche Credit Corp. v. Case Power & Equip. Co.*, 179 Ariz. 155, 164, 876 P.2d 1190, 1199 (App. 1994).

**Disposition**

¶39 For the foregoing reasons, we reverse the trial court's judgment, including its award of attorney fees and costs, and remand for further proceedings consistent with this opinion. We grant Citi's request for costs on appeal, subject to its compliance with Rule 21, Ariz. R. Civ. App. P.