NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY L. PRYDE; DENISE E. PRYDE,<br><br>            Plaintiffs-Appellants,<br><br>  v.<br><br>BANK OF AMERICA, N.A.; et al.,<br><br>            Defendants-Appellees. | No. 15-17041<br><br>D.C. No. 2:15-cv-00926-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

    Gary L. Pryde and Denise L. Pryde appeal pro se from the district court's

judgment dismissing their action alleging federal and state law claims against

mortgage related entities.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal under Fed. R. Civ. P. 12(b)(6).  *Ebner v. Fresh, Inc.*,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

838 F.3d 958, 962 (9th Cir. 2016).  We affirm.

The district court properly dismissed the Prydes' quiet title claim because the Prydes failed to allege facts sufficient to demonstrate that they were entitled to such relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Manicom v. CitiMortgage, Inc.*, 336 P.3d 1274, 1282 (Ariz. 2014) (requiring mortgagors to pay off any unsatisfied balances in order to quiet title under Arizona law).

The district court did not abuse its discretion in denying the Prydes' motion for leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-17041