NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRIAN KLEIN, et al., *Plaintiffs/Appellants*,

*v.*

TREG D. LOYDEN, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0253
FILED 12-17-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-053170
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

Jennifer Sodaro, Scottsdale
*Counsel for Plaintiffs/Appellants*

Treg Loyden, Chandler
*Defendant/Appellee*

Jaburg & Wilk, PC, Phoenix
By Douglas O. Guffey
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**P E R K I N S**, Judge:

¶1        Appellants (plaintiffs in the trial court) contend that the trial court awarded them an insufficient amount of attorney's fees after a bench trial resulted in a judgment in their favor. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        In May 2016, plaintiffs Brian and Barry Klein agreed with defendant Treg Loyden, a real estate broker, to purchase, rehabilitate, and sell real property in Tempe, Arizona. Plaintiffs each invested $87,500 in the property for a total of $175,000. Meyer Homes, LLC — Loyden's business entity — purchased the property and obtained a $100,000 loan to fund the rehabilitation. The rehab was never completed properly, and Brian Klein eventually made several monthly interest payments on the $100,000 loan on behalf of Meyer Homes to avoid foreclosure.

¶3        In 2017, plaintiffs sued Loyden and Meyer Homes. As amended, plaintiffs' operative pleading alleged (1) fraud; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; and (4) breach of fiduciary duty. They also sought punitive damages as to counts (1) and (4). Defendants counterclaimed for (1) intentional interference with a contract; (2) intentional interference with business expectancy and relations; (3) breach of the covenant of good faith and fair dealing (operating agreement); (4) breach of the covenant of good faith and fair dealing (partnership agreement); (5) breach of contract; (6) breach of fiduciary duty; and (7) statutory damages under A.R.S. § 33-420(A). Defendants sought punitive damages as to count (1), (2), (6), and (7).

¶4        The case went to a four-day bench trial in September 2018, and the trial court issued its detailed ruling the following month. The court found for plaintiffs on all but their fraud claim, and on each of the defendants' counterclaims. But the court found that plaintiffs failed to show damages, "except for the amount that Brian Klein should be reimbursed for

his monthly [loan] payments on behalf of Meyer Homes[,]" which amounted to $11,054.29. The court also found against plaintiffs on their claim for punitive damages.

¶5    The trial court held plaintiffs were entitled to attorney's fees and taxable costs under A.R.S. §§ 12-341 and -341.01. Plaintiffs filed an application and affidavit for attorney's fees and costs, including exhibits with monthly fee breakdowns and a copy of the attorney-client fee agreement. The application requested $115,935 in fees and $2,628.86 in costs, for a total of $118,563.86. Defendants objected, arguing that the amount requested was unreasonable. The trial court issued a detailed minute entry finding plaintiffs were entitled to attorney's fees under A.R.S. § 12-341.01, but that the amount requested was unreasonable. The court awarded plaintiffs $30,000 in attorney's fees and $2,164.16 in costs, for a total of $32,164.16. After entry of a final judgment, plaintiffs timely appealed from this award.

## DISCUSSION

¶6    Plaintiffs contend the amount of attorney's fees the trial court awarded to them was objectively unreasonable. A trial court's award of attorney's fees to the successful party under A.R.S. § 12-341.01 is permissive, not mandatory. *Manicom v. CitiMortgage, Inc.*, 236 Ariz. 153, 162, ¶ 38 (App. 2014). The trial court has broad discretion to award and determine the amount of attorney's fees. *Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 562, ¶ 39 (App. 2014); *see also Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985) (listing the various factors trial courts should consider when deciding whether to award attorney's fees). We will not reverse the trial court's decision unless there is no reasonable basis for it. *Democratic Party of Pima Cty. v. Ford*, 228 Ariz. 545, 548–49, ¶ 12 (App. 2012).

¶7    If the trial court determines a party is entitled to fees as the successful party under A.R.S. § 12-341.01, it must then determine the reasonableness of the fees requested. *Assyia v. State Farm Mut. Auto. Ins.*, 229 Ariz. 216, 222, ¶ 22 (App. 2012). An application for attorney's fees must be sufficiently detailed so that the trial court may assess the reasonableness of the time incurred, and billing rates should be like those prevailing in the community for similar work. *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187–88 (App. 1983) ("Just as the agreed upon billing rate between the parties may be considered unreasonable, likewise, the amount of hours claimed may also be unreasonable.").

¶8      The trial court properly considered all the relevant factors in concluding that plaintiffs' requested fees were unreasonable. In their response to plaintiffs' application, defendants made detailed arguments challenging the reasonableness of plaintiffs' counsels' hourly rate and time spent on specific tasks. The trial court concluded "that the time expended appeared to be excessive for the type of case[,]" and "that [p]laintiffs' hourly rate does not appear to be commensurate with her experience or knowledge with this type of case." The court further noted that "[p]laintiffs were equally responsible for not resolving some or all of the issues" and that they failed to prove damages other than a modest reimbursement amount.

¶9      The trial court concluded $30,000 was a reasonable amount of attorney's fees to award plaintiffs under A.R.S. § 12-341.01. Plaintiffs challenge the trial court's "lack of specificity for the reasoning of the award[,]" but they cite no authority requiring the court to issue specific findings in support of its reasonableness determination. *See Hawk v. PC Village Ass'n, Inc.*, 233 Ariz. 94, 100, ¶ 21 (App. 2013) ("In exercising its discretion to award fees, the court . . . need not make findings on the record."). On the record provided, a reasonable basis supported the trial court's fee award, and "[w]e will not substitute our judgment for that of the trial court if there is any reasonable basis to uphold its decision . . . ." *Radkowsky v. Provident Life & Acc. Ins.*, 196 Ariz. 110, 113, ¶ 18 (App. 1999).

**CONCLUSION**

¶10      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA