NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAMIE BORNSTEIN, *Plaintiff/Appellant*,

*v.*

NATIONSTAR MORTGAGE LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0108
FILED 12-26-2019

Appeal from the Superior Court in Maricopa County
No. CV2018-052567
The Honorable Cynthia Bailey, Judge

**AFFIRMED**

COUNSEL

Jamie Bornstein, Phoenix
*Plaintiff/Appellant*

Akerman LLP, Denver, Colorado
By Justin D. Balser, Ashley E. Calhoun
*Counsel for Defendant/Appellee Nationstar Mortgage LLC*

Barrett Daffin Frappier Treder & Weiss LLP, Phoenix
By Carson T.H. Emmons
*Counsel for Defendant/Appellee Carson Emmons*

---

**MEMORANDUM DECISION**

---

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge David B. Gass joined.

---

**S W A N N**, Chief Judge:

¶1 The day before a scheduled trustee's sale of real property, the owner of the property moved for a temporary restraining order to enjoin the sale. The superior court did not enter the restraining order until the day set for the sale, and the trustee did not receive actual notice of the order on that day. The trustee therefore proceeded with the sale as scheduled. The superior court later dissolved the restraining order and dismissed the owner's complaint against the trustee and the beneficiary. We affirm. Under A.R.S. § 33-811(C), a party's objections to a trustee's sale can only be preserved by injunctive relief entered *before* the day set for the sale.

## FACTS AND PROCEDURAL HISTORY

¶2 In April 2016, Travis Smith borrowed money to purchase real property and executed a promissory note secured by a deed of trust on the property. Two months later, Smith executed a warranty deed transferring the property to Jamie Bornstein subject to the deed of trust. Smith thereafter allegedly defaulted on the loan.

¶3 In May 2017, trustee Carson Emmons recorded notice of a trustee's sale of the property. Bornstein filed for bankruptcy protection and the sale was automatically stayed. The bankruptcy court lifted the automatic stay as to the property on June 13, 2018. Bornstein appealed that order and moved the bankruptcy court to impose a discretionary stay pending resolution of the appeal. On July 9, the bankruptcy court granted the discretionary stay on a temporary basis and set a hearing for July 16. According to the trustee, at the July 16 hearing, he announced to Bornstein and the court that the sale was set for July 18.

¶4 Meanwhile, in June, Bornstein had filed a pro per complaint and an objection in the superior court to stop the sale. Then, late in the afternoon on July 17, she filed an ex parte motion for a temporary restraining order to halt the "trustee sale scheduled for tomorrow for the sale of my home."

¶5            The superior court entered and filed an order granting a temporary restraining order before 10:00 a.m. on the morning of July 18—the day of the sale.  The same day, the appellate bankruptcy court denied Bornstein's motion for a discretionary stay.

¶6            Smith called Emmons that morning, before the time set for the sale, and told him that a temporary restraining order had been obtained. Smith asked whether he could email the order to Emmons, and Emmons said yes.  Emmons did not thereafter receive an email, so his legal assistant called the superior court clerk's office at 10:05 a.m. and asked if the court had entered an injunction in the case number associated with Bornstein's complaint.  She was told that no order had been entered.  At 10:19 a.m., Bornstein sent the legal assistant an entirely blank email—it had no subject line, text, or attachments.  At 10:41 a.m., the legal assistant again called the superior court clerk's office and asked if an injunction had been entered in favor of Smith.  She was told no.  The record reveals that the temporary restraining order initially was filed under a case number other than the one associated with Bornstein's complaint.

¶7            Emmons proceeded with the sale and an outside bidder purchased the property at approximately 11:10 a.m. on July 18.  Bornstein emailed Emmons's legal assistant a copy of the temporary restraining order the next day, and she served the order on Emmons several days later.

¶8            The superior court thereafter dissolved the temporary restraining order and dismissed Bornstein's complaint.  The superior court then denied Bornstein's motions for relief from the dissolution order under Ariz. R. Civ. P. 60, and it denied her motion for reconsideration of the dissolution and dismissal orders.  Bornstein appeals.

## DISCUSSION

¶9            Bornstein emphasizes that she obtained the temporary restraining order before the trustee's sale and that Emmons was told of the order before the sale.  But A.R.S. § 33-811(C) specifically provides that to preserve defenses and objections to a trustee's sale, injunctive relief must be obtained by a time certain before the sale—it must be "entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale."[1]  *See also* A.R.S. § 33-811(D) ("A sale is not

---

[1]            Bornstein contended in the superior court proceedings that § 33-811(C) did not apply because it describes waiver by "all persons to

complete if the sale violates subsection C of this section because of an undisclosed order entered by the court *within the time provided for in subsection C of this section*." (emphasis added)). "[W]here the language [of a statute] is plain and unambiguous, courts generally must follow the text as written." *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529 (1994). Under the plain language of § 33-811(C), Bornstein obtained her temporary restraining order a day too late. The superior court therefore properly dissolved the order and dismissed as waived the objections to the sale raised by Bornstein's complaint.[2] *See BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶¶ 10–11 (2012) (applying § 33-811(C)).

**¶10**     Further, to the extent that Bornstein's complaint could be construed to assert claims separate from the sale, dismissal still was appropriate. First, the complaint's mere reference to "clouding title" and citation to § 33-420, which governs false recordings, was insufficient to plead a claim for false recording. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶¶ 6–7 (2008) (holding that complaint must set forth well-pled facts to give opponent fair notice of the nature and basis of the claim, and that mere conclusory statements are insufficient). Second, the complaint's reference to a "fail[ure] to respond to request for [a] certified qwr" presumably invokes the federal statute governing qualified written requests, 12 U.S.C. § 2605, which applies only to borrowers. Likewise, as a non-party to the loan documents, Bornstein lacks standing to assert any breach of contract claim based the complaint's allegation of "refusal of

---

whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809" and she was not mailed such notice. But the appellees provided sufficient evidence to show that, consistent with § 33-809(B), Bornstein was sent a copy of the original notice of sale by certified mail in May 2017. And though the mail was returned by the postal service as undeliverable, the record demonstrates that Bornstein had actual notice of the trustee's intent to conduct the sale and the ultimate sale date.

[2]     We note the potential for conflict between § 33-811(C) and Ariz. R. Civ. P. 65(d)(2) because the rule provides that a temporary restraining order is effective upon actual notice. But here there is no conflict, because Emmons did not receive actual notice of the order until the day after the sale. *See 3502 Lending, LLC v. CTC Real Estate Serv.*, 224 Ariz. 274, 277, ¶ 16 (App. 2010) (holding that "[n]otice of facts and circumstances which would put a [person] of ordinary prudence and intelligence on inquiry" constitutes constructive notice of the facts a reasonably diligent inquiry would reveal); *Manicom v. CitiMortgage, Inc.*, 236 Ariz. 153, 156, ¶ 8 (App. 2014) ("Constructive notice contrasts with actual notice . . . .").

payments." *See Stratton v. Inspiration Consol. Copper Co.*, 140 Ariz. 528, 530–31 (App. 1984) (holding that absent privity of contract, party has no claim for personal judgment sounding in breach of contract).

**CONCLUSION**

¶11       We affirm for the reasons set forth above.



AMY M. WOOD • Clerk of the Court
FILED:  AA