NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ALICIA A. PADRON, *Defendant/Appellant*.

*v.*

MARICOPOLY, LLC, *Intervenor/Appellee*

No. 1 CA-CV 19-0670
FILED 8-13-2020

Appeal from the Maricopa County Superior Court
No. CV2017-090836
The Honorable Stephen P. Lynch, Commissioner

**AFFIRMED IN PART, REVERSED IN PART, REMANDED**

COUNSEL

Windtberg & Zdancewicz, PLC, Tempe
By Marc Windtberg & Michael J. Zdancewicz
*Counsel for Defendant/Appellant*

Law Offices of Kyle A. Kinney, PLLC, Scottsdale
By Kyle A. Kinney
*Counsel for Intervenor/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1        Alicia A. Padron appeals from the superior court's order allowing Maricopoly, LLC to intervene in a foreclosure action against her and awarding excess proceeds from the sale of the foreclosed property to Maricopoly. We affirm the superior court's grant of intervenor status to Maricopoly, but reverse the award of excess proceeds to Maricopoly and remand for an evidentiary hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Cypress Landing Community Association, Inc. ("Cypress") foreclosed on Padron's property ("Property") because she failed to pay Homeowner's Association dues.  The superior court granted judgment to Cypress and authorized a Sheriff's sale.

¶3        Maricopoly won the Property at the Sheriff's sale with a bid of $81,000.00. A total of $67,921.56 remained after satisfaction of Cypress's judgment. The Sheriff deposited these excess proceeds with the superior court. Padron moved the superior court to give her the excess proceeds.

¶4        Maricopoly moved to intervene, arguing that the excess proceeds should be disbursed to the senior lienholder, Ocwen Loan Servicing, under A.R.S. section 33-727(B). Maricopoly claimed it was a real party in interest because Ocwen's encumbrance impacted the Property's value. The Arizona Home Foreclosure Prevention Funding Corporation ("Junior Lienholder"), initially opposed Maricopoly's motion to intervene, arguing Maricopoly did not have grounds to intervene and that the excess proceeds should instead be distributed to the junior lienholders and then Padron if any proceeds remained. Padron did not oppose Maricopoly's motion to intervene. Junior Lienholder later withdrew its opposition to intervention and application for excess proceeds, and the superior court granted Maricopoly's motion to intervene as unopposed.

¶5        Maricopoly then filed its own application for the excess proceeds, arguing Padron entered an agreement assigning her right to the

excess proceeds to Maricopoly. The parties fully briefed their requests and the court held argument on the excess proceeds issue.

¶6        The superior court granted Maricopoly's request for the excess proceeds based on Padron's written assignment to Maricopoly. The court noted that its ruling did "not preclude Ms. Padron from filing a separate action against Maricopoly for claims made during oral argument of fraudulent involvement." Within two days of the court's ruling, Maricopoly obtained the funds. Padron timely appealed.

## DISCUSSION

¶7        Padron argues the superior court erred by (1) granting Maricopoly's motion to intervene, and (2) awarding the excess proceeds to Maricopoly.

## I.        Maricopoly's Intervenor Status

¶8        Padron argues Maricopoly did not properly serve Padron and that Maricopoly had no valid basis to intervene. We review whether an intervenor established a right to intervene under Arizona Rule of Civil Procedure 24(a) de novo, but review the grant of permissive intervention under Rule 24(b) for an abuse of discretion. *Dowling v. Stapley*, 221 Ariz. 251, 269, ¶ 57 (App. 2009).

¶9        The superior court did not state whether it granted Maricopoly's motion to intervene as of right or permissively—it simply granted it "as unopposed." After Junior Lienholder withdrew its opposition, no party—including Padron—opposed intervention. Nor did Padron raise any challenges to Maricopoly's intervention or service when she filed her written response to Maricopoly's application for excess proceeds. Padron raised issues with Maricopoly's intervention for the first time at oral argument on the competing applications for excess proceeds.

¶10        A court may permit intervention by a party who "has a claim or defense that shares with the main action a common question of law or fact[,]" so long as granting intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Ariz. R. Civ. P. 24(b)(2)–(3).

¶11        The record contains sufficient evidence that Padron and Maricopoly entered into agreements concerning their relative interests in the property, including their rights to the excess proceeds at issue here. The record does not reflect that intervention would have caused undue delay or

prejudice to the original parties' rights. Padron's written response to Maricopoly's fee application—her first filing after Maricopoly intervened—focused solely on the enforceability of her written assignment with Maricopoly and did not challenge Maricopoly's intervention or service.

¶12         Moreover, Maricopoly already received the excess proceeds and is a necessary party for adjudicating Padron's arguments on the validity of her written assignment to Maricopoly. Padron therefore needs Maricopoly to remain as a party to obtain any relief. We find no error.

## II.    Award of Excess Proceeds to Maricopoly

¶13         Padron argues the superior court erroneously ignored her later purchase contract with Maricopoly, which superseded the initial written assignment. In the alternative, she argues the superior court erred by failing to hold an evidentiary hearing on the enforceability of her written assignment. We review issues of law and statutory interpretation de novo. *Bank of Am., N.A. v. Felco Bus. Servs., Inc. 401(K) Profit Sharing Plan*, 243 Ariz. 150, 154, ¶ 11 (App. 2017). We review the superior court's decision on whether to hold an evidentiary hearing for an abuse of discretion. *See Moulton v. Napolitano*, 205 Ariz. 506, 511, ¶ 8 (2003).

¶14         Excess proceeds from a Sheriff's sale "shall be paid [to other liens] in their order . . . and if there are no other liens the balance shall be paid to the mortgagor." A.R.S. § 33-727(B). Here, Padron and Maricopoly were ultimately the only parties to seek the excess proceeds. The superior court distributed the proceeds to Maricopoly because Padron executed a written assignment of her rights to the excess proceeds to Maricopoly.

¶15         The parties disputed the facts surrounding the written assignment. Padron twice requested an evidentiary hearing to raise arguments on mutual mistake, unilateral mistake, absence of consideration, duress, statute of frauds, and negligent misrepresentation. While the parties do not directly dispute the facts surrounding the later purchase agreement, they dispute whether the purchase agreement superseded the written assignment and whether the purchase agreement itself affected Padron's right to the excess proceeds. *See Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 39, ¶ 15 (App. 2018) (quoting *Darner Motor Sales, Inc. v. Universal Underwriter's Ins. Co.*, 140 Ariz. 383, 393 (1984)) (explaining that courts should look to "surrounding circumstances, including negotiation, prior understandings, subsequent conduct and the like . . . to determine the parties' intent with regard to integration of [an] agreement"). Because the superior court did not take testimony or evidence regarding these issues,

but nevertheless rested its decision on the disputed assignment, the superior court erred by failing to hold an evidentiary hearing. *See Robertson v. Alling*, 237 Ariz. 345, 347, ¶ 8 (2015) (applying the summary judgment standard of review when the superior court "effectively granted summary judgment regarding the existence, terms, and enforceability of the parties' settlement agreement"). We therefore reverse and remand to the superior court for fact-finding on the contract formation and enforcement issues Padron raises.

## III.    Attorney's Fees on Appeal

**¶16**        Both parties request an award of attorney's fees under A.R.S. § 12-341.01, and Maricopoly requests them in the alternative under § 12-349. An award of attorney's fees in an action arising out of contract under § 12-341.01 is permissive, not mandatory. *Manicom v. CitiMortgage, Inc.*, 236 Ariz. 153, 162, ¶ 38 (2014). An award is mandatory if the other party brings or defends a claim without substantial justification; brings or defends a claim solely or primarily for delay or harassment; unreasonably expands or delays the proceeding; or engages in abuse of discovery. A.R.S. § 12-349.

**¶17**        Within our discretion, we decline to award fees under A.R.S. § 12-341.01. We further deny Maricopoly's request under § 12-349 as it has not shown that it is entitled to a mandatory award under that statute.

## CONCLUSION

**¶18**        We affirm the superior court's order allowing Maricopoly to intervene. We reverse the award of excess proceeds to Maricopoly and remand for an evidentiary hearing on the contract issues identified in this decision.

