[Civil No. 1355.   Filed May 6, 1914.]

[140 Pac. 495.]

PROVIDENT MUTUAL BUILDING–LOAN ASSOCIA-
TION, a Corporation, and TITLE GUARANTEE &
TRUST COMPANY, a Corporation, Appellants, v. A.
JOSEF SCHWERTNER, as Guardian *Ad Litem* of
ALBERT SCHWERTNER, a Minor, Appellee.

1. Quieting Title—Cloud on Title—Mortgages—Equities.—An un-
satisfied mortgage, securing a debt barred by limitations, will not
be removed as a cloud on the title without the debt being first paid.

2. Quieting Title—Cloud on Title—Mortgages—Equities.—Where
a debt secured by mortgage was usurious, but the principal and
legal interest were paid, the mortgage would be canceled as a cloud
on title.

[As to what constitutes a cloud on title, see note in 45 Am. St.
Rep. 373.]

APPEAL from a judgment of the Superior Court of the
County of Cochise.   A. C. Lockwood, Judge.   Reversed and
remanded.

The facts are stated in the opinion.

Mr. O. Gibson, for Appellant.

Mr. Lyman H. Hays and Mr. J. T. Kingsbury, for Appellee.

ROSS, J.—Action by appellee to remove a cloud upon his
title to lots in Willcox, Cochise county, Arizona.   The alleged
cloud consists of a deed of trust executed on November 17,
1899, by A. Josef Schwertner and wife to the Title Guarantee
& Trust Company, trustee, to secure a loan evidenced by note
from the Provident Mutual Building-Loan Association.   The
trust deed is set out in complaint *in haec verba,* followed by
an allegation that the note to secure which the trust deed was
given, and all interest and penalties, had been fully paid and
discharged; that trust deed remains unsatisfied of record and
is a cloud upon plaintiff's title.   Prayer for its cancellation.
The Title Guarantee & Trust Company defaulted.   The Provi-

dent Mutual Building-Loan Association, appellant, answered, and, among other defenses, claimed a balance unpaid, due and owing it on account of loan in interest, premiums and penalties, in the sum of $1,393.96, that the appellee is the child of mortgagors and successors to them with notice of trust deed, asked that the lien of trust deed be foreclosed, and that property be ordered sold and proceeds applied to the payment of said sum. The appellee demurred to this answer on the ground that it appeared on the face thereof that the notes were barred by the statute of limitations. The demurrer was sustained. Whereupon a motion by appellee for judgment on the pleadings was made and judgment granted.

While the appellant suggests other errors, its main contention is that an action to remove a cloud, being an equitable action, cannot be maintained for the cancellation of an unsatisfied mortgage, even though limitation has run against it, and the debt secured by it is barred. The form in which the action is prosecuted has not the sanction of the statutory law. However, "the jurisdiction of courts of equity to remove clouds from title is well settled, the relief being granted on the principle of *quia timet;* that is, that the deed or other instrument or proceeding constituting the cloud may be used to injuriously or vexatiously embarrass or affect a plaintiff's title." Section 1398, 4 Pomeroy's Equity Jurisprudence.

Had proof been made of the recordation of the trust deed, its payment in full as alleged, and the refusal of appellant to enter satisfaction of record, a judgment directing its surrender and cancellation would have been proper. But there was no proof of payment and satisfaction offered or made. Judgment was entered upon the pleadings for the reason that the answer upon its face showed that the balance claimed was outlawed. Outlawry, under the statute of limitation, affects the remedy and not the right. It does not extinguish or satisfy the debt; it only prevents a recovery when properly invoked by the debtor. It is a shield and not a sword. It can be used for defense, but not for assault. Had appellant brought suit to recover, the plea of the statute would have defeated its recovery. But will a court of equity, where it is admitted, as in this case, by the demurrer to answer that a large amount is still due on the trust deed, permit the debtor or his successor in interest to force the creditor into court,

just for the purpose of sending him out empty-handed? Or should he be required to do equity by paying the amount that he admits is unpaid? "Equity and good conscience require that she should pay the debt secured by the mortgage as a condition to its cancellation. The maxim that 'he who seeks equity must do equity' voices a just and universal rule in determining the equitable rights of suitors, and should always be applied in cases like this. . . . The plaintiff seeks equity. They must do equity. Every man should pay his just debts. It is right that he should do so. The fact that he may not be coerced to discharge them by legal means affects only the legal character of his obligation. It does not alter the primary fact that he owes an obligation which in equity and good conscience he should pay." *Tracy* v. *Wheeler,* 15 N. D. 248, 6 L. R. A., N. S., 516, 107 N. W. 68. This case was one asking for the cancellation of a mortgage concededly unpaid, as being a cloud on the title of plaintiff, successor to the mortgagor. It is a well-considered case that collects many decisions sustaining the view that equity will not grant relief, except upon condition that the debtor pay or tender payment of the debt secured. Most of the courts hold that the statutory action to quiet title cannot be sustained as against à mortgage debt confessedly unpaid. *Tracy* v. *Wheeler, supra,* and annotations in 6 L. R. A., N. S., 516. The dissenting opinion in this case by Justice ENGERUD, while combating with much reason that doctrine as unsound, makes the observation that "there is no parallel between a suit to determine adverse claims and an ordinary suit in equity to cancel a mortgage or lien for specific reasons. The pleading in such a case necessarily admits that the lien or other adverse claim attacked is valid, unless invalid for the reasons pleaded; and the attacking party assumes the burden of establishing the specific invalidity alleged."

In the present case the trust deed was ordered canceled for the sole and only reason that the debt had been fully paid. In the developments of the case, it is shown and admitted by appellee that the debt has not been paid; that only the remedy has been lost, and, as before said, the wiping out of the remedy does not extinguish the debt. The obligation still exists. Pomeroy, Equity Jurisprudence, volume 1, section 388, has well said: "It may be regarded as a universal rule

governing the court of equity in the administration of its remedies that, whatever may be the nature of the relief sought by the plaintiff, the equitable rights of the defendant, growing out of or intimately connected with the subject of the controversy in question, will be protected; and for this purpose the plaintiff will be required, as a condition to his obtaining the relief which he asks, to acknowledge, admit, provide for, secure, or allow whatever equitable rights (if any) the defendant may have, and to that end the court will, by its affirmative decree, award to the defendant whatever reliefs may be necessary in order to protect and enforce those rights. This principle is not confined to any particular kind of equitable rights and remedies, but pervades the entire equity jurisprudence, so far as it is concerned with the administration of equitable remedies.''

As stated heretofore, if proof had been submitted sustaining the allegation of full payment, the equities of the case would demand a judgment ordering the cancellation of the trust deed.   It is also urged in the brief of appellee that the amount claimed as due on debt is usurious; that the principal and legal interest have been paid; and that for those reasons the deed should be canceled.   If the record disclosed these things, or either of them, to be true, it would afford a basis of equitable relief, but the pleadings raise no question of usury, and the statement, even though true, is not sustained by the record. The facts of payment and usury are open questions that should have been passed upon by the trial court, if desired to be reviewed here.

The judgment is reversed, and case is remanded for a new trial, and if, upon such trial, any balance be found due appellant on debt, the appellee is to be allowed sixty days in which to pay same, whereupon trust deed should be canceled; and, in case the appellee should default in making such payment, it is ordered that the action be dismissed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—On the question of bar of statute of limitations as ground for quieting title as against encumbrance, see note in 6 L. R. A., N. S., 516.