NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RCBT HOLDINGS, LLC., *Plaintiff/Appellant*,

*v.*

CIT BANK, N.A., and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
*Defendants/Appellees*.

No. 1 CA-CV 16-0177
FILED 5-4-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-091236
The Honorable David M. Talamante, Judge

**AFFIRMED**

COUNSEL

Kessler Law Offices, Mesa
By Eric W. Kessler
*Counsel for Plaintiff/Appellant*

Quarles & Brady LLP, Phoenix
By John Matson O'Neal and Coree E. Neumeyer
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Acting Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley[1] joined.

---

**B R O W N**, Judge:

**¶1**        Plaintiff RCBT Holdings, LLC ("RCBT") challenges the trial court's judgment in favor of defendants CIT Bank, N.A. and Mortgage Electronic Registration Systems, Inc. (collectively "CIT") based on RCBT's successful motion for judgment on the pleadings. RCBT argues the court erred in denying its motion to compel discovery. Because discovery would not have affected the judgment, we affirm.

**BACKGROUND**

**¶2**        In 2011, RCBT purchased a tax lien assessed against real property owned by Myrtha Santillano.[2] In February 2015, RCBT filed a tax lien foreclosure complaint against several defendants, including CIT as the beneficiary of a 2007 deed of trust encumbering Santillano's property in the amount of $161,600. In its answer, CIT asserted the right to redeem all delinquent tax liens against the subject property under Arizona Revised Statutes ("A.R.S.") section 42-18151 et seq.

**¶3**        After CIT redeemed the tax lien by paying the Maricopa County Treasurer the outstanding taxes, interests, and costs, RCBT contested CIT's redemption rights. RCBT also sought discovery from CIT relating to its records evidencing the validity of the deed of trust and underlying debt. CIT refused such request and instead moved for judgment on the pleadings under Arizona Rule of Civil Procedure 12(c). After briefing and oral argument, the trial court granted CIT's motion,

---

[1]        The Honorable Patricia A. Orozco and the Honorable Maurice Portley, Retired Judges of the Court of Appeals, Division One, have been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]        Santillano and other defendants were dismissed from the complaint and are not parties to this appeal.

finding that CIT has a "redeemable interest in the property" notwithstanding RCBT's statute of limitations' defense and thus RCBT's motion to compel discovery was moot. After RCBT failed to timely submit an application for attorneys' fees, the trial court entered judgment in favor of CIT, with each side to bear its own attorneys' fees and costs. This timely appeal followed.

## DISCUSSION

¶4 A Rule 12(c) motion for judgment on the pleadings "tests the sufficiency of the complaint, and judgment should be entered for the defendant if the complaint fails to state a claim for relief." *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999). On appeal, we assume the complaint's well-pleaded factual allegations are true but review legal rulings de novo. *Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198, ¶ 5 (App. 2005).

¶5 A real property tax lien may be redeemed by "[a]ny person who has a legal or equitable claim in the property." A.R.S. § 42-18151(A). RCBT does not dispute that CIT is the beneficiary of the deed of trust and admits its rights are "subject only to the rights of [CIT] to redeem the property." RCBT asserts under the present tense of the statute (*has*), CIT could only redeem the lien if it had a *current* legal or equitable claim. Thus, RCBT argues it should have been permitted to conduct discovery into whether CIT's rights to enforce the deed of trust were barred by the applicable six-year statute of limitations. *See* A.R.S. § 12-548. And, if so barred, the deed of trust was "null and void" and CIT lacked redemption rights. We disagree.

¶6 First, in pertinent part, RCBT's complaint alleged that (1) CIT "make[s] some claim to the subject real property adverse to [RCBT's] claim" and (2) "[RCBT] is now the owner of the lien on the property, subject only to the rights of [CIT] to redeem the property." In its answer, CIT asserted it held "the right to redeem the property pursuant to Arizona statute," that its right was "currently senior and superior to any rights held" by RCBT, and "reserve[d] the right to redeem any pertinent delinquent tax liens." Nothing in the complaint suggests that RCBT claimed that CIT's right to redeem was barred based on the statute of limitations and thus RCBT cannot rely on a claim never asserted. *See Black v. Perkins*, 163 Ariz. 292, 293 (App. 1989) ("When the parties have framed the issues for resolution, they may not change them absent an amendment of the pleadings or trial of the issue by consent.").

**¶7** Second, even assuming the claim was properly framed in the complaint, a statute of limitations defense is available only to the borrower or one in privity, not to RCBT as a third-party tax lien purchaser. *See Acad. Life Ins. Co. v. Odiorne*, 165 Ariz. 188, 190 (App. 1990) ("The defense of the statute of limitations is a personal privilege that a debtor or one in privity may elect to urge or waive."); *Provident Mut. Bldg.-Loan Ass'n v. Schwertner*, 15 Ariz. 517, 518 (1914) (recognizing that the statute of limitations defense "prevents a recovery when properly invoked by the debtor. It is a shield and not a sword. It can be used for defense, but not for assault."); *Lake Waterloo Corp. v. Kestenbaum*, 92 A.2d 478, 479-80 (N.J. Sup. Ct. 1952) (explaining that only the debtor, or one in privity, may take advantage of the statute of limitations defense) (citing cases). No evidence in the record suggests Santillano invoked this defense or that RCBT was in privity with her or invoked it on her behalf. Thus, even if the six-year statute of limitations accrued, CIT properly exercised its right to redeem the tax lien.

**¶8** Third, CIT filed a copy of the recorded deed of trust with the trial court. Although the deed of trust is a matter outside the pleadings, we may consider it as a public record. *See* Ariz. R. Civ. P. 12(d); *Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 601, ¶ 10 (App. 2016) (public records regarding matters referenced in a complaint are not considered matters outside pleadings). The deed of trust states that Santillano's loan installment obligation under the deed of trust, and the promissory note it secured, does not end until 2037; thus, the statute of limitations would not preclude enforcement of the debt until six years after that date. *See Cheatham v. Sahuaro Collection Serv., Inc.*, 118 Ariz. 452, 454 (App. 1978) ("In the case of a promissory note, the cause of action accrues and the statute of limitations begins to run when the debt becomes due."); *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 903 (Tex. Ct. App. 2008) ("A cause of action accrues and the statute of limitations begins to run from an installment note's maturity date or the date of acceleration."). RCBT has made no allegation, nor does the record reflect, that CIT had accelerated the note or that it had been paid in full.

**¶9** Fourth, RCBT cites no authority supporting its claim that if the debt is barred by the statute of limitations, thereby precluding a trustee's sale as a remedy available to CIT, *see* A.R.S. § 33-816, the deed of trust is rendered "null and void." Indeed, the case law suggests otherwise. *See De Anza Land and Leisure Corp. v. Raineri*, 137 Ariz. 262, 266 (App. 1983) (recognizing that a statutory bar to enforcement of the debt is not equivalent to its extinguishment); *Schwertner*, 15 Ariz. at 518 (explaining that running of statutory period "affects the remedy and not the right"); *cf. Best Fertilizers of Ariz., Inc. v. Burns*, 116 Ariz. 492, 493 (1977) (when debtor completely

satisfies the debt, it is extinguished and the mortgage discharged); *Stewart v. Underwood*, 146 Ariz. 145, 148 (App. 1985) (rejecting debtor's argument that mortgage was rendered "null and void" because personal debt discharged in bankruptcy; holding discharge did not extinguish debt, but only barred subsequent actions against debtor personally).

**CONCLUSION**

¶10      Based on the foregoing, we affirm the trial court's judgment in favor of CIT. As the successful party, CIT is entitled to an award of costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA