IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

JOSE R. AROCA AND KIRSTIN AROCA, HUSBAND AND WIFE,
*Plaintiffs/Appellants*,

*v.*

TANG INVESTMENT COMPANY LLC, AN ARIZONA LIMITED LIABILITY COMPANY,
*Defendant/Appellee.*

No. 2 CA-CV 2023-0046
Filed January 31, 2024

---

Appeal from the Superior Court in Pinal County
No. S1100CV202200940
The Honorable Christopher J. O'Neil, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Evans Dove Nelson Fish & Grier PLC, Mesa
By Trevor J. Fish, Douglas N. Nelson, and H. Lee Dove
*Counsel for Plaintiffs/Appellants*

Teresa H. Foster PLLC, Phoenix
By Teresa H. Foster
*Counsel for Defendant/Appellee*

## OPINION

Judge Kelly authored the opinion of the Court, in which Presiding Judge Brearcliffe and Judge Eckerstrom concurred.

K E L L Y, Judge:

**¶1** In this action to clear the title of certain real property, Jose and Kirstin Aroca appeal from the superior court's dismissal of their claim against Tang Investment Company LLC pursuant to Rule 12(b)(6), Ariz. R. Civ. P., and its award of attorney fees to Tang. They contend the court erred in determining that, because Tang's remedy of foreclosure under a recorded deed of trust remained available even after the statute of limitations on the underlying debt had expired, the Arocas were not entitled to quiet title. For the reasons that follow, we reverse the court's judgment and remand for further proceedings consistent with this opinion.

### Factual and Procedural Background

**¶2** On review of the dismissal of a complaint pursuant to Rule 12(b)(6), Ariz. R. Civ. P., we "assume the truth of all well-pleaded factual allegations." *Coleman v. City of Mesa*, 230 Ariz. 352, ¶¶ 7-9 (2012). The parties here do not dispute any material facts. In 2007, the Arocas executed a promissory note and deed of trust wherein they promised to pay Tang $40,000 for value received, secured by real property in Pinal County owned by the Arocas. The terms and conditions of the note required the Arocas to make semi-annual, interest-only payments commencing in 2008, with the entire unpaid balance due and payable on April 30, 2012. Tang recorded the deed with the Pinal County Recorder's Office. The Arocas made interest-only payments on the note for one year, but then stopped making payments and subsequently defaulted on the note in 2012. Tang failed to initiate collection proceedings or bring any action on the underlying debt for the next ten years.

**¶3** Before filing their complaint in 2022, the Arocas had hired a title company to search Pinal County property records to identify any encumbrances on the property. The search revealed Tang's recorded deed of trust from 2007. The Arocas sent a letter to Tang, demanding an "immediate release and cancelation" of that "Recorded Deed of Trust," asserting that Tang no longer held a security interest in the property and was barred from enforcing its rights under the promissory note by the six-year statute of limitations set forth in A.R.S. § 12-548.

¶4          Tang refused to comply with the Arocas' demand.   The Arocas subsequently brought this action for quiet title, wrongful lien, and declarative relief.   They sought to clear Tang's "groundless and now wrongfully recorded [deed] from the title … because the statute of limitations on the underlying Note Secured by Deed of Trust … has run and the recorded [deed] is invalid."

¶5          In response, Tang filed a motion to dismiss the complaint for failure to state a claim.   Tang argued that, even though the statute of limitations on the underlying debt had expired, the recorded deed of trust had not been satisfied or discharged, and Tang therefore still retained its remedies to foreclose on or initiate a trustee's sale of the property securing it.   Tang asserted that A.R.S. § 33-714, enacted in 2002, modified existing law and extended the statute of limitations to enforce a deed of trust beyond the six-year term under § 12-548. The superior court granted the motion and dismissed the Arocas' action to quiet title, concluding that § 33-714 superseded prior case law and extended the statute of limitations for Tang to initiate a foreclosure action until 2057.  Tang subsequently moved for an award of attorney fees in the amount of $6,572, pursuant to the terms of the deed and A.R.S. §§ 12-341.01 and 12-341.   The court awarded Tang $4,929 in fees and $26.80 in costs.   This timely appeal followed.   We have jurisdiction pursuant to A.R.S. § 120.21(A)(1).

**Discussion**

¶6          The parties agree that the Arocas defaulted on the loan and that Tang is time-barred under § 12-548 from bringing an action in contract on the underlying debt.   The issue on appeal is whether the superior court correctly concluded that the Arocas are not entitled to quiet title because § 33-714 extends Tang's timeframe to initiate foreclosure proceedings and assert its remedies as to the deed of trust beyond § 12-548's six-year statute of limitations.

¶7          We review questions of statutory application de novo.   *See BMO Harris Bank, N.A. v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, ¶ 7 (2015); *see also Manterola v. Farmers Ins. Exch.*, 200 Ariz. 572, ¶ 8 (App. 2001) ("We review de novo 'any questions of law relating to the statute of limitations defense.'" (quoting *Logerquist v. Danforth*, 188 Ariz. 16, 18 (App. 1996))).

¶8          "An action for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward, if the indebtedness is evidenced by or founded on … [a] contract in writing that is executed in this state."   § 12-548(A)(1).   In *De Anza Land & Leisure Corp. v.*

*Raineri*, 137 Ariz. 262, 266 (App. 1983), this court held that "A.R.S. § 12-548 applies to foreclosure actions as well as to actions on the underlying debt." *See also Luu v. Newrez, LLC*, 253 Ariz. 159, ¶ 9 (App. 2022) ("The limitations period to execute on a deed of trust is the same one that applies to the underlying promissory note."); *cf. ZB, N.A. v. Holler*, 242 Ariz. 315, ¶ 13 (App. 2017) ("Issues relating to the foreclosure . . . are determined by the law governing the underlying debt."). We explained that a "mortgage is merely incidental to the debt" and, although distinguishable from the circumstance in which a debt is extinguished, the remedy of foreclosure likewise falls with the bar of the debt. *De Anza*, 137 Ariz. at 265; *see also Atlee Credit Corp. v. Quetulio*, 22 Ariz. App. 116, 117 (App. 1974) ("The purpose of a foreclosure suit is to have the mortgaged property applied to payment of the debt secured by the mortgage."); *Foreclosure*, Black's Law Dictionary (11th ed. 2019) ("[a] legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to *satisfy the unpaid debt secured by the property*" (emphasis added)).

**¶9**        Furthermore, our statutory scheme relating to deeds of trust places a limitation on the commencement of actions against trust property:

> The trustee's sale of trust property under a trust deed shall be made, or *any action to foreclose a trust deed* as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the contract secured by the trust deed.

A.R.S. § 33-816 *(*emphasis added).

**¶10**        Tang maintains on appeal as it did below, that § 33-714, enacted after *De Anza* was decided, now governs the limitations period to initiate foreclosure actions. Tang argues that by enacting § 33-714, the legislature intended to supersede *De Anza* and codify the "two-remedy" rule, which allows an owner to foreclose on its security even when the statute of limitations bars action on the debt. *De Anza*, 137 Ariz. at 265. Tang argues that, in the event § 33-714 conflicts with § 33-816, the former controls because it is the more recent and specific statute. Section 33-714(A)(2), provides in relevant part:

> A. The lien of any mortgage or deed of trust on any real property that is not otherwise

satisfied or discharged expires at the later of the following times:

. . . .

2. If the final maturity date or the last date fixed for payment of the debt or performance of the obligation is not ascertainable from the county recorder's records or if there is no final maturity date or last date fixed for payment of the debt or performance of the obligation, fifty years after the date the mortgage or deed of trust was recorded.

**¶11**        In dismissing the Arocas' claim to quiet title, the superior court did not address § 33-816, and concluded that § 33-714 "effectively modified prior case law concerning the validity of the Deed of Trust and the availability of foreclosure as a remedy for its enforcement." This allowed Tang to foreclose on the property at any time before its lien purportedly expired on October 5, 2057.[1]  *See* § 33-714(A)(2).

**¶12**        We interpret statutes according to their plain meaning. *State ex rel. Ariz. Dep't of Revenue v. Tunkey*, 254 Ariz. 432, ¶ 24 (2023) (Bolick, J., concurring).   However, when ambiguity exists, we apply additional principles of statutory construction, examining "the history, context, spirit and purpose of the law," to determine the legislative intent. *State ex rel. Ariz. Reg. of Contractors v. Johnston*, 222 Ariz. 353, ¶ 5 (App. 2009).

**¶13**        Here, the plain language of § 33-714 sets forth an outer limit for the expiration of mortgage liens, but contrary to Tang's position, it does not implicate the remedy of foreclosure or the timeframe in which a foreclosure proceeding must be initiated.  Conversely, the plain language of § 33-816 expressly dictates that a trustee's sale or foreclosure on a deed of trust must be commenced within the same limitation period that would apply to an action on the contract securing it.  An action for debt formed by a contract must be brought within six years.  § 12-548(A)(1).  Therefore, by the plain language of § 33-816, a foreclosure action must also be commenced within six years from the time the cause of action accrues on the underlying

---

[1]Based on the parties' stipulation that the note had not been recorded with the deed, the superior court derived the maturity date through application of § 33-714(A)(2).

contract. *See* Baxter Dunaway, *Law of Distressed Real Estate,* § 63:61 n.5 (2023 update) (citing § 33-816 for rule that "[t]he six year statute of limitations applies to foreclosure actions as well as to actions on the underlying debt").

¶14　　　　Even if the language of § 33-714 were ambiguous and could be read to possibly extend the statute of limitations for a foreclosure proceeding, its legislative history reveals that the legislature did not intend such a result. *See Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 269 (1994) ("[W]e . . . review the statute's legislative history to find, if possible, any shared legislative understanding of the relevant language."). A fact sheet noted that H.B. 2071, later § 33-714, was intended to address the problem where a mortgage has been satisfied but a "notice of satisfaction has not been recorded, a mortgage or lien will remain on *record* without a release even when the maturity of the lien has expired." S. Fact Sheet for H.B. 2071, 45th Leg., 2d Reg. Sess. (Ariz. Apr. 9, 2002) (emphasis added); *see also* H. Summary of H.B. 2071, 45th Leg., 2d Reg. Sess. (Ariz. Apr. 4, 2002) (final bill summary for H.B. 2071 expressing same purpose). Additionally, § 33-714 states that it does not apply to a lien that is "otherwise satisfied or discharged," indicating that the legislature intended to maintain its existing statutory scheme in regard to deeds of trust, which, as this court has previously explained, "ties 'the limitation period for an action in rem to the same period applicable to an action on the contract.'" *Andra R Miller Designs LLC v. US Bank NA*, 244 Ariz. 265, ¶ 12 (App. 2018) (quoting *Stewart v. Underwood*, 146 Ariz. 145, 150 (App. 1985)); *see also Diaz v. BBVA USA*, 252 Ariz. 436, ¶ 14 (App. 2022) ("[D]ischarge of an underlying debt extinguishes any lien or other right or interest in the property securing the debt."). Accordingly, nothing in § 33-714's history suggests the legislature intended it to supersede § 33-816, to change the applicable statute of limitations for initiating foreclosure proceedings, or to overrule *De Anza* by adopting the "two-remedy rule," as Tang contends.

¶15　　　　Having determined that Tang's remedies for enforcement of the deed of trust are barred by limitation, we turn to the issue of Tang's recorded lien. Tang argues that because a quiet title action is an action in equity, under equitable principles, the Arocas are not entitled to that relief until and unless they pay off their debt, even though it is barred by the statute of limitations. *See Provident Mut. Bldg.-Loan Ass'n v. Schwertner*, 15 Ariz. 517, 518-19 (1914). However, in 1941 the legislature enacted A.R.S. § 12-1104, which provides that in a quiet title action: "If it is proved that the interest or lien or the remedy for enforcement thereof is barred by limitation . . . plaintiff shall be entitled to judgment barring and forever estopping assertion of the interest or lien in or to or upon the real property adverse to plaintiff." § 12-1104(B).

¶16          The Arocas defaulted on the note in 2012, and Tang did not bring suit to collect payment or initiate foreclosure proceedings on the property pursuant to the deed of trust within six years.  Because § 33-816 required Tang to commence foreclosure proceedings within the six-year statutory period under § 12-548, Tang has been barred from foreclosing on the deed of trust or initiating a trustee's sale of the property since 2018.  And because Tang's recorded deed of trust is barred by limitation, the lien has been discharged and the Arocas are entitled to judgment under § 12-1104 in their action to quiet title.  *See Sult v. O'Brien*, 15 Ariz. App. 384, 388 (1971) (when "rights of the parties are clearly defined and established by statutory provisions," equity follows the law).  Accordingly, we reverse the superior court's dismissal under Rule 12(b)(6).

## Attorney Fees

¶17          The Arocas argue the superior court abused its discretion in awarding Tang $4,929 in attorney fees and $26.80 in taxable costs.  We will uphold the court's determination as to which party is the prevailing party, and thus entitled to attorney fees, absent an abuse of discretion.  *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, ¶ 12 (2017).  However, the court abuses its discretion if it commits an error of law in reaching a discretionary decision.  *Id.*  Here, because the court erred in dismissing the Arocas' claim pursuant to Rule 12(b)(6), Tang did not prevail.  We therefore vacate the award of attorney fees in favor of Tang and remand for further proceedings consistent with this decision.  *See Am. Power Prods., Inc.*, 242 Ariz. 364, ¶ 12.

¶18          On appeal, both parties request an award of attorney fees.  Because we have reversed the superior court's judgment dismissing the Arocas' claim, they are the successful party on appeal.  *See* §§ 12-341.01, 12-341; *see also Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 393-94 (1985) (successful party on appeal includes party who achieves reversal of unfavorable interim order when order is central to case and issue of law decided on appeal is "sufficiently significant that the appeal may be considered as a separate unit").  Accordingly, we grant the Arocas' request for their reasonable attorney fees and costs on appeal pursuant to §§ 12-341.01(A) and 12-341 upon their compliance with Rule 21, Ariz. R. Civ. App. P.

## Disposition

¶19          We reverse the superior court's order dismissing the Arocas' claim and remand for further proceedings consistent with this opinion.