IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

JOSE R. AROCA AND KIRSTIN AROCA, HUSBAND AND WIFE,
*Plaintiffs/Appellants*,

*v.*

TANG INVESTMENT COMPANY LLC, AN ARIZONA LIMITED
LIABILITY COMPANY,
*Defendant/Appellee.*

No. CV-24-0049-PR
**Filed March 31, 2025**

Appeal from the Superior Court in Pinal County
The Honorable Christopher J. O'Neil, Judge
No. S1100CV202200940
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division Two
257 Ariz. 75 (App. 2024)
**VACATED IN PART**

COUNSEL:

Robert S. Porter (argued), Porter Law Firm, Phoenix, Attorneys for Tang
Investment Company, LLC

Trevor J. Fish (argued), Douglas N. Nelson, H. Lee Dove, Evans Dove
Nelson Fish & Grier PLC, Mesa, Attorneys for Jose and Kirstin Aroca

JUSTICE KING authored the Opinion of the Court, in which CHIEF JUSTICE TIMMER, VICE CHIEF JUSTICE LOPEZ, and JUSTICES BOLICK, BEENE, MONTGOMERY, and BRUTINEL* (RETIRED) joined.

---

JUSTICE KING, Opinion of the Court:

¶1        The issue before us is whether an action to quiet title to real property may proceed where the underlying debt remains unpaid but the statute of limitations for suit on that debt has expired.

¶2        In 1914, this Court held that equitable principles prohibited a plaintiff from obtaining a quiet title judgment when his mortgage debt remained unpaid. *Provident Mut. Bldg.-Loan Ass'n v. Schwertner* ("*Provident*"), 15 Ariz. 517, 518–20 (1914).  In 1941, the legislature took a different approach by enacting A.R.S. § 12-1104(B) pertaining to quiet title actions: "If it is proved that the interest or lien or the remedy for enforcement thereof is barred by limitation, . . . plaintiff shall be entitled to judgment barring and forever estopping assertion of the interest or lien in or to or upon the real property adverse to plaintiff."

¶3        We hold that the equitable principles set forth in *Provident* do not alter the rights established in § 12-1104(B).  An action to quiet title to real property may proceed where the underlying debt remains unpaid but the statute of limitations for suit on that debt has expired.

## BACKGROUND

¶4        In 2007, Jose and Kirstin Aroca (the "Arocas") executed two documents.  The first was a "Note Secured by Deed of Trust" ("Note") wherein the Arocas agreed to pay Tang Investment Company, LLC ("Tang") the principal sum of $40,000.  The second was a "Deed of Trust" that secured payment of the amounts owed in the Note with real property

---

* Justice Brutinel retired after oral argument in this case but nevertheless participated in deciding this Opinion.

in Pinal County owned by the Arocas. The Note required the Arocas to make semi-annual, interest-only payments beginning in 2008, with the entire unpaid balance of principal and interest due on April 30, 2012. Tang recorded the Deed of Trust with the Pinal County Recorder's Office.

¶5 The Arocas made interest-only payments on the Note for one year, but then stopped making payments. Tang failed to initiate foreclosure proceedings or bring any action to enforce its rights on the underlying debt pursuant to the Note. To this day, the debt remains unsatisfied.

¶6 In 2022, the Arocas brought an action against Tang for quiet title, wrongful lien, and declaratory relief, seeking to clear up clouded title to the Pinal County property. The Arocas' complaint alleged the Deed of Trust was now wrongfully recorded because the statute of limitations on the Note had run, and therefore the Deed of Trust was now invalid. *See* A.R.S. § 12-1101(A) ("An action to determine and quiet title to real property may be brought by any one having or claiming an interest therein, whether in or out of possession, against any person . . . when such person . . . claims an estate or interest in the real property which is adverse to the party bringing the action.").

¶7 Tang moved to dismiss the complaint for failure to state a claim under Arizona Rule of Civil Procedure 12(b)(6). Tang acknowledged that suit on the Note was barred by the six-year statute of limitations for actions on debt. *See* A.R.S. § 12-548(A)(1) ("An action for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward, if the indebtedness is evidenced by or founded on . . . [a] contract in writing that is executed in this state."). But Tang argued that § 12-548(A)(1) did not extinguish the Deed of Trust lien on the property, the Deed of Trust was not satisfied or discharged, and A.R.S. § 33-714 extended the statute of limitations to enforce deed of trust liens, through foreclosure or a trustee's sale, to ten or fifty years after a deed is recorded (in this case, through 2057). *See* § 33-714(A)(2) (providing that a "lien of any mortgage or deed of trust on any real property that is not otherwise satisfied or discharged expires" fifty years after the mortgage or deed of trust was recorded "[i]f the final maturity date or the last date fixed for payment of the debt or performance of the obligation is not ascertainable

3

from the county recorder's records or if there is no final maturity date or last date fixed for payment of the debt or performance of the obligation").

**¶8** The superior court granted the motion to dismiss. The court agreed with Tang that, pursuant to § 33-714, it had until 2057 to foreclose or hold a trustee's sale under the Deed of Trust. The Arocas, therefore, were not entitled to relief.

**¶9** The court of appeals reversed. *See Aroca v. Tang Inv. Co. LLC*, 257 Ariz. 75 (App. 2024). The court determined that § 33-714 "does not implicate the remedy of foreclosure or the timeframe in which a foreclosure proceeding must be initiated." *Id.* at 78 ¶ 13. The court instead concluded that A.R.S. § 33-816 "dictates that a trustee's sale or foreclosure on a deed of trust must be commenced within the same limitation period that would apply to an action on the contract securing it." *Id.* As the court observed, "[a]n action for debt formed by a contract must be brought within six years." *Id.* (citing § 12-548(A)(1)). The court held that "Tang has been barred from foreclosing on the deed of trust or initiating a trustee's sale of the property since 2018." *Id.* at 79 ¶ 16.

**¶10** The court of appeals also noted the holding in *Provident* but observed that the legislature subsequently enacted § 12-1104(B). *Id.* ¶ 15. The court held that "because Tang's recorded deed of trust is barred by limitation, the lien has been discharged and the Arocas are entitled to judgment under § 12-1104 in their action to quiet title." *Id.* ¶ 16.

**¶11** We granted review because this case involves an issue of statewide importance and requires consideration of whether there is a conflict between *Provident* and more recently enacted statutes. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

**¶12** We review the dismissal of a complaint pursuant to Rule 12(b)(6) and issues of statutory interpretation de novo. *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 513 ¶ 11 (2021).

4

¶13 The parties do not dispute that any action brought by Tang to enforce the unpaid amounts under the Note is barred by § 12-548(A)(1)'s six-year statute of limitations. But Tang contends that the Arocas' quiet title action must be dismissed because of this Court's holding in *Provident*. In addition, Tang argues that § 12-548(A)(1)'s six-year statute of limitations is inapplicable to an action enforcing the Deed of Trust (which is different than the Note evidencing the debt), and the statute of limitations is extended under § 33-714 because the Deed of Trust under that statute does not expire until 2057.

¶14 In *Provident*, the plaintiff filed an action to remove a cloud upon his title to real property. 15 Ariz. at 517. The cloud consisted of a deed of trust to secure a loan evidenced by a note from the Provident Mutual Building-Loan Association. *Id.* The debt was unpaid, and the statute of limitations barred filing suit on the unpaid balance under the note. *Id.* at 517–18. But the Provident Mutual Building-Loan Association contended that "an action to remove a cloud, being an equitable action, cannot be maintained for the cancellation of an unsatisfied mortgage, even though limitation has run against it, and the debt secured by it is barred." *Id.* at 518.

¶15 Noting that it is "the jurisdiction of courts of equity to remove clouds from title," this Court stated that "[o]utlawry, under the statute of limitation, affects the remedy and not the right. It does not extinguish or satisfy the debt; it only prevents a recovery when properly invoked by the debtor. It is a shield and not a sword." *Id.* (internal quotations and citation omitted). Emphasizing its reliance on common law equitable principles, this Court explained:

> Equity and good conscience require that she should pay the debt secured by the mortgage as a condition to its cancellation. The maxim that he who seeks equity must do equity voices a just and universal rule in determining the equitable rights of suitors, and should always be applied in cases like this. . . . The plaintiff seeks equity. They must do equity. Every man should pay his just debts. It is right that he should do so. The fact that he may not be coerced to discharge

5

them by legal means affects only the legal character of his
obligation. It does not alter the primary fact that he owes an
obligation which in equity and good conscience he should
pay.

*Id.* at 519 (quoting *Tracy v. Wheeler*, 107 N.W. 68, 68 (N.D. 1906)). In
addition, other cases support the view that "equity will not grant relief,
except upon condition that the debtor pay or tender payment of the debt
secured." *Id.* (citing *Tracy*, 107 N.W. at 69, and its collection of other
decisions). Thus, *Provident* held that the plaintiff must first pay the full
amount of the debt (principal and interest) before the deed of trust would
be removed. *Id.* at 519–20.

**¶16**          In 1941, twenty-seven years after *Provident*, the legislature
enacted § 12-1104:

> A. *In an action to quiet title to real property*, if the complaint sets
> forth that any person or the state has or claims an interest in
> or a lien upon the property, and that the interest or lien or the
> remedy for enforcement thereof is barred by limitation, or
> that plaintiff would have a defense by reason of limitation to
> an action to enforce the interest or lien against the real
> property, the court shall hear evidence thereon.
>
> B. *If it is proved that the interest or lien or the remedy for
> enforcement thereof is barred by limitation, or that plaintiff would
> have a defense by reason of limitation to an action to enforce the
> interest or lien against the real property*, the court shall have
> jurisdiction to enter judgment and *plaintiff shall be entitled to
> judgment barring and forever estopping assertion of the interest or
> lien in or to or upon the real property adverse to plaintiff*.

(Emphasis added.) Our role is to interpret the text of § 12-1104 as written
by the legislature. The plain language of § 12-1104(B) makes clear that in a
quiet title action, if the remedy for enforcement of the interest in or lien
against the property is barred by the statute of limitations, the plaintiff is
entitled to judgment barring and forever estopping the defendant's
assertion of such lien or interest. In other words, a plaintiff is entitled to a

quiet title judgment in its favor when the statute of limitations has run on an action to enforce a lien or interest. § 12-1104(B).

¶17        As discussed, Tang's enforcement of the debt under the Note is barred by the six-year statute of limitations. *See* § 12-548(A)(1). Because this remedy for enforcing the interest in or lien against the property is barred by the statute of limitations, § 12-1104(B) bars and forever estops Tang's assertion of an interest in or lien against the property.

¶18        This conclusion is also consistent with § 33-816, which requires that a trustee's sale or action to foreclose a deed of trust be commenced "within the period prescribed by law for the commencement of an action on the contract secured by the trust deed." The statute of limitations to commence a trustee's sale or action to foreclose a deed of trust is the same as the statute of limitations for an action on the Note secured by the Deed of Trust—namely, six years. *See* § 12-548(A)(1); *see also De Anza Land & Leisure Corp. v. Raineri*, 137 Ariz. 262, 266 (App. 1983) (holding that the statute of limitations for an action to foreclose a mortgage is the same as for an action on the underlying debt: "A.R.S. § 12-548 applies to foreclosure actions as well as to actions on the underlying debt"). Tang failed to commence a trustee's sale or foreclose on the property within six years of the Arocas' default and is now time-barred from taking such actions. *See* § 33-816.

¶19        Where, as here, the statute of limitations has run on an action to enforce a lien but the plaintiff seeking to quiet title has not paid off the underlying debt, *Provident* and § 12-1104 are in direct conflict. Under § 12-1104(B), a plaintiff is entitled to a quiet title judgment when the statute of limitations has run on an action to enforce a lien or interest. But *Provident* held that a plaintiff may not obtain a quiet title judgment in its favor when the underlying debt remains unpaid, regardless of the statute of limitations. 15 Ariz. at 518–20. Under these circumstances, *Provident* and § 12-1104(B) cannot both apply.

¶20        So how do judges resolve such conflicts in the law? We have clarity and direction in A.R.S. § 1-201: "The common law only so far as it is . . . not repugnant to or inconsistent with the . . . laws of this state . . . is

adopted and shall be the rule of decision in all courts of this state." "Section 1-201 recognizes th[e] basic constitutional principle" that "judge-made substantive law is subordinated to contrary legislative acts validly adopted under" the legislative authority in article 4 of the Arizona Constitution. *Seisinger v. Siebel*, 220 Ariz. 85, 92 ¶ 28 (2009).

**¶21**     And this Court has consistently reaffirmed that principle: "When rights are clearly established and defined by a statute, equity has no power to change or upset such rights." *Valley Drive-In Theatre Corp. v. Superior Court*, 79 Ariz. 396, 399 (1955) (explaining that "this principle was so well expressed" in *Sparks v. Douglas & Sparks Realty Co.*, 19 Ariz. 123, 129 (1917)); *see also Cloeter v. Superior Court*, 86 Ariz. 400, 402 (1959) (to same effect). It is fundamental to our legal system that when a substantive statute conflicts with an equitable principle under the common law, "the statute prevails under a separation of powers analysis." *See Seisinger*, 220 Ariz. at 92 ¶ 28. The holding in *Provident* may not change or upset the rights set forth in § 12-1104(B). Section 12-1104(B) prevails.

**¶22**     We are not persuaded by Tang's citation to case law relying on *Provident* that came after § 12-1104's enactment in 1941. These cases may have restated the holding in *Provident*, but they did not mention § 12-1104, much less address *Provident*'s conflict with § 12-1104. *See Farrell v. West*, 57 Ariz. 490, 491 (1941) (relying on *Provident* for the point that "[i]n an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, . . . the court will not quiet the title until and unless he pays off such mortgage lien, though it be barred by limitation"); *Andra R Miller Designs LLC v. US Bank NA*, 244 Ariz. 265, 269 ¶ 11 (App. 2018) (citing *Provident* in support of the proposition that "[w]hen the statute of limitations expires, . . . the debt is not extinguished; rather, the remedy for an action on the debt is merely barred"), *overruled in part on other grounds by Bridges v. Nationstar Mortg. LLC*, 253 Ariz. 532, 535 ¶ 17 n.2 (2022); *RCBT Holdings, LLC v. CIT Bank, N.A.*, No. 1 CA-CV 16-0177, 2017 WL 1739111, at *2 ¶ 7 (Ariz. App. May 4, 2017) (mem. decision) (citing and quoting *Provident*); *Manicom v. CitiMortgage, Inc.*, 236 Ariz. 153, 161 ¶ 34 (App. 2014) (explaining that the court of appeals is bound by *Provident* and restating the holding in *Provident*); *De Anza Land & Leisure Corp.*, 137 Ariz. at 265

(discussing *Provident*'s holding and noting that the issue before the court differed from the issue in *Provident*).[1]  To the extent those cases contradict our holding here, we overrule them.

**¶23**        Tang argues that the controlling statute is § 33-714 because it defines when a lien expires or is satisfied and extends the deadline to foreclose or initiate a trustee's sale until the lien's expiration or satisfaction. In contrast, § 12-1104 does not define when a lien expires or is satisfied.

**¶24**        Section 33-714 provides:

> A. The lien of any mortgage or deed of trust on any real property that is not otherwise satisfied or discharged expires at the later of the following times:
>
> 1. If the final maturity date or the last date fixed for payment of the debt or performance of the obligation is ascertainable from the county recorder's records, ten years after that date.
>
> 2. If the final maturity date or the last date fixed for payment of the debt or performance of the obligation is not ascertainable from the county recorder's records or if there is no final maturity date or last date fixed for payment of the

---

[1]  Tang also cites *Best Fertilizers of Ariz., Inc. v. Burns*, 116 Ariz. 492 (1977), and *Stewart v. Underwood*, 146 Ariz. 145 (App. 1985), but these cases are not persuasive because they did not address *Provident* or § 12-1104.  Also, the court of appeals has not been uniform in its decisions, and at least one case addressed § 12-1104 but reached a conclusion that differs from the cases Tang relies upon.  *See Wood v. Fitz-Simmons*, No. 2 CA-CV 2008-0041, 2009 WL 580784, at *3 ¶ 9 n.3 (Ariz. App. Mar. 6, 2009) (mem. decision) (concluding that a trial court properly entered summary judgment in favor of plaintiffs in a quiet title action, pursuant to § 12-1104, when plaintiffs established that the six-year statute of limitations had run on the underlying debt).

> debt or performance of the obligation, fifty years after the date the mortgage or deed of trust was recorded.
>
> . . . .
>
> C. Expiration of the lien of a mortgage or deed of trust pursuant to this section is equivalent for all purposes to a satisfaction, reconveyance, release or other discharge of the lien.

Relying on § 33-714(A)(2) and (C), Tang contends that enforcement of the lien is not barred until 2057 for essentially two reasons. First, because the Deed of Trust does not identify a final maturity date, it remains a valid lien and does not expire until fifty years after it was recorded, which will be in 2057. Second, the Deed of Trust has not been "otherwise satisfied or discharged," which will not happen until it expires in 2057.

¶25 But § 33-714 is not a statute of limitations. The plain language of § 33-714 does not set forth a time limit to bring an action to enforce a lien of a deed of trust. Instead, § 33-714 provides an expiration date for a lien of a deed of trust, thereby setting forth an outer time limit for the expiration of the lien (in other words, the maximum duration of the lien).

¶26 Indeed, § 33-714(A) only applies to a "lien of any mortgage or deed of trust on any real property *that is not otherwise satisfied or discharged*." (Emphasis added.) Thus, § 33-714 provides a default term for a lien but explicitly recognizes that a lien may be discharged sooner than the expiration period in the statute. As relevant here, once an action to enforce a lien against property accrues, the relevant statute of limitations provides the time period to bring that action. *See* § 12-1104. In this case, § 12-548(A)(1) establishes a six-year statute of limitations. And § 33-714 does not extend that six-year statute of limitations period.

¶27 Moreover, as a practical matter, if an action is not brought under a note or a trustee's sale or action to foreclose is not commenced within the six-year statute of limitations, a deed of trust lien will continue to exist on the property. In such a situation, a party may file suit to obtain a quiet title judgment to clear up that clouded title. But if such a suit is never commenced, § 33-714 serves the purpose of establishing that after a

specified time period (ten or fifty years), that lien automatically expires and will no longer cloud the title. In addition, in situations where a party pays the debt in full but never takes legal action to demonstrate the debt has been paid (e.g., failing to record a notice of satisfaction), § 33-714 can also serve the purpose of considering the lien automatically expired after a specified time period and clearing the title.

**¶28** Our reading harmonizes all the relevant statutes and does not result in a determination that § 33-714 (enacted in 2002) implicitly repealed § 33-816 (enacted in 1971), as Tang argues. *See In re Riggins*, 257 Ariz. 28, 33 ¶ 29 (2024) ("The doctrine of repeal by implication is disfavored in Arizona. 'Rather, when two statutes appear to conflict, whenever possible, we adopt a construction that reconciles one with the other, giving force and meaning to all statutes involved.'" (internal citation omitted) (quoting *UNUM Life Ins. Co. of Am. v. Craig*, 200 Ariz. 327, 333 ¶ 28 (2001))).

**¶29** In support of its argument that § 33-714 extended the deadline to foreclose or commence a trustee's sale, Tang cites an Arizona House of Representatives bill summary and two California cases. *See Ung v. Koehler*, 37 Cal. Rptr. 3d 311, 318 (Ct. App. 2005); *Smith v. Caliber Home Loans, Inc.*, No. 16cv220-LAB (NLS), 2016 WL 7188278 (S.D. Cal. Dec. 12, 2016). First, "[w]e do not consider legislative history when the correct legal interpretation can be determined from the plain statutory text and the context of related statutes." *State v. Ewer*, 254 Ariz. 326, 331 ¶ 20 (2023). Here, we can determine the correct legal interpretation of § 33-714 from the plain statutory text and the context of related statutes. Section 33-714 is not ambiguous and therefore we do not consider its legislative history. Second, the California cases are not persuasive because they evaluate California Civil Code Section 882.020 (addressing the expiration date of liens), but not in the context of Arizona's specific statutory directives in § 12-1104 and §§ 33-714, -816. *See Columbus Life Ins. Co. v. Wilmington Trust, N.A.*, 255 Ariz. 382, 385 ¶ 11 (2023) ("Our statutory interpretation jurisprudence requires us to determine the plain meaning of the words the legislature chose to use, viewed in their broader statutory context."); *see also Kotterman v. Killian*, 193 Ariz. 273, 291 ¶ 68 (1999) ("We alone must decide how persuasive the legal opinions of other jurisdictions will be to our holdings.").

**¶30** In conclusion, under § 12-1104(B), a plaintiff is entitled to a quiet title judgment discharging a deed of trust lien on real property when an action to enforce the underlying unpaid debt is barred by the statute of limitations. Because this statute conflicts with the equitable principles upon which *Provident*'s holding rests, we overrule *Provident* to the extent of the conflict. The Arocas are entitled to a quiet title judgment discharging the Deed of Trust lien on the Pinal County property because any action under the Note is barred by the statute of limitations.

## CONCLUSION

**¶31** Although we agree with the court of appeals' ultimate holding, we vacate paragraphs 1–16 and 19 of the court of appeals' opinion to replace its reasoning with our own. We leave paragraphs 17 and 18 of the court of appeals' opinion intact, as the parties did not ask this Court to review the attorney fees awarded in the superior court or court of appeals.

**¶32** We reverse the superior court's judgment in favor of Tang and remand to the superior court for entry of judgment in favor of the Arocas.

**¶33** We also decline Tang's request for attorney fees and costs pursuant to A.R.S. §§ 12-341, -341.01, as Tang is not the successful party.